## THE STATE *vs.* HALLOWAY ET AL.

Where H. having been charged with committing an assault and battery, is recognized by two justices sitting as a court of inquiry, to appear before the circuit court of the county, on the first day of the next term thereof, a motion to quash before forfeiture, is prematurely made. Until H. failed to appear, no liability was incurred, and there was nothing of which the court could take jurisdiction. The quashal of the recognizance was a declaration that no action ever could arise upon it; not that no action had arisen—the motion was inappropriate.

The recognizance when returned into court became a record of that court, and if a defect existed in its attestation, the justice was bound to perfect it.

THIS was a motion to quash a recognizance, determined in the Lawrence Circuit Court, in October, 1843, before the Hon. THOMAS JOHNSON, one of the circuit judges. The recognizance was entered into by Halloway and four others, in the penal sum of $500; conditioned, reciting, that H. had been charged before J. S. Ficklin and Wm. B. Johnson, two justices of the peace for said county, by Andrew T. Lively, with having committed an assault and battery upon him, and upon examination had, it appeared that the charge was true; then, if H. should appear before the circuit court of said county on the first day of the next term thereof, to be holden on the 9th day of October, 1843, at Smithville, and not depart without leave, &c., the recognizance to be void. At the next term of the court, the securities of H. moved to quash the recognizance. Motion sustained, and appeal.

*Watkins, Att'y Gen.,* for the State. If the recognizance is insufficient without the attestation, it is clearly such a defect as could be amended by the justices at any time. It cannot be said that there is nothing to amend by, because it appears in the body of the recognizance that it was entered into before Ficklin and Johnson, two justices. If a justice of the peace omits to attest an appeal bond, or to sign a transcript for an appeal, or if a clerk neglects to mark a paper filed in either case, they would be permitted to amend, and if they refused, the court would compel them. In other respects the recognizance is sufficient, requiring the defendant to appear before the circuit court of Lawrence county, on the first day of the next term, to be holden on the 9th day of Oct., 1843, at Smithville, is sufficiently

certain. The law provides that the court shall be held at the court house, and every citizen is presumed to know the law.

*Wm. Byers*, contra. We are unable to conceive upon what ground the State presumes that this judgment will be reversed. It will appear upon first blush after an inspection of the record and proceedings, that the circuit court had no cognizance of the recognizance, further than to set it aside or strike it from the files of the court. This is all the circuit court did or could do in the matter. The recognizance, upon its face, is a perfect nullity. It does not appear to have been taken under any of the requirements of the statute, governing criminal proceedings. *Acts of* 1842–3, *page* 112. It does not appear to have been taken in open court; neither is it attested by any officer, as required by said act. The recognizance is also void, because there is no charge therein specified which Halloway should answer unto in the circuit court. There was no indictment against Halloway, neither does it appear that he was in any wise in default. This being the case, the court had a right to strike the recognizance from the files, or to set it aside.

The recognizance was also void, because it did not specify with sufficient certainty where Halloway should appear. "Smithville," is not sufficiently definite. As well might it have required him to appear on Black river, or on the Arkansas river, as at Smithville. The court house is the place of holding court, and the recognizance should have required him to appear at that place. Every legal presumption is in favor of the judgment of the circuit court. If there was examination had before the justices named in the recognizance, that examination should have been reduced to writing, and returned to the circuit court with the recognizance; and inasmuch as no such examination was returned, it is presumable that no such examination was had before the justices. And unless upon such examination, the justices had no authority to take the recognizance. As there was no indictment found at the October term of the circuit court against Halloway, nor any charge against him to answer unto, the recognizance was void, and properly set aside.

The State *vs.* Halloway et al.

*By the Court,* SEBASTIAN, J. The motion by the defendants, the recognizors of the bond, was prematurely made. No forfeiture of it, by the failure of Halloway to appear according to its conditions, had been taken, as appears by the record; nor were they, as we can see, sought to be charged upon it by any proceeding in court for that purpose. No right of action accrued on it until a forfeiture of the condition, nor until then could any action by *sci. fa.* or otherwise, be instituted on it. There was no suit over which the court had jurisdiction, nor could there be any, until the State instituted proceedings to recover the penalty. In such case there would be a suit with parties, and a sum, a thing in controversy, over which the court could take jurisdiction, and to which the defendants, if they pleased, could make their voluntary appearance. By the proceeding in this case the court declared the recognizance insufficient before any action taken on it to test its insufficiency. It was a declaration, not that no action had arisen, but that none ever could arise on it. These were questions properly to be determined upon a trial of the whole matter, in an appropriate proceeding, in which the obligation and validity of the recognizance, as well as the *fact* of its breach, and defendants liability upon it, could be tested and determined. Upon the propriety of the motion of the State's attorney, there can be no doubt. The recognizance when returned into the circuit court, became a record of that court, and the justice of the peace was not only bound to perfect the recognizance by attesting it, but upon process or rule for that purpose, could have been compelled to do so.

We express no opinion upon the validity of the recognizance, as that matter is not properly before us. We think that whatever might be the defects of the bond or its conditions, that the proceeding to quash it was premature and irregular. For which reason the judgment of the circuit court must be reversed, the cause remanded, with instructions to overrule the motion of the defendants, and grant the motion of the attorney of the State, for the leave, &c.