THE STATE OF IOWA v. KLINGMAN.

1. WAIVER BY ANSWERING OVER. The filing of an answer after the overruling by the Court of the defendant's demurrer to the petition waives any error in the ruling of the Court.

2. BAIL: COUNTY JUDGE. The County Judge has power, under the statute, to admit to bail any person held to answer by another magistrate for a bailable offense; and a bail-bond accepted and approved by the County Judge of another county from the one in which the accused was examined and committed is not void for want of authority in that officer to accept and approve such bonds.

3. SAME: KILLING. When a bail-bond recited that the defendant was charged with "feloniously killing two persons," it was held, that as the offense was not necessarily punishable with death, the bond was not void under § 3211 of the Code of 1851.

4. SAME: EVIDENCE SLIGHT. When a defendant is accused of a capital offense he may be admitted to bail by the examining magistrate when the evidence is slight or tends to show that it was committed under mitigating circumstances and would not be punished with death.

5. SAME: FORFEITURES. The District Court cannot, on the failure of the defendant to appear, order a forfeiture of the bond when it is not on file in the office of the Clerk, and is not in possession of the Court.

6. SAME: WHEN RIGHT OF ACTION ACCRUES. A right of action does not accrue on a bail-bond before its forfeiture is properly ordered by the Court having jurisdiction.

7. APPEARANCE TO CHALLENGE. The failure of a defendant held to answer for a criminal offense to appear and challenge the grand jury operates only as a waiver of his right to challenge, but does not authorize a forfeiture of his bond.

*Appeal from Tama District Court.*

MONDAY, DECEMBER 29.

THIS is an action upon a bond given by defendants conditioned that Stephen Klingman should appear at the February Term, 1860, of the District Court of Tama county, to answer the charge of murder. The defendant was, on a preliminary examination before a justice of the peace, held to bail in the above sum, and in default, was committed to the jail of Linn county. The bond was accepted by the county judge of Linn county, on the 15th day of January, 1860, but was not returned to the clerk of the District Court of Tama county until the 25th day of October, 1860.

At the February Term, 1860, the defendant was called for the purpose of interposing any objections he might have to the panel of the grand jury. Failing then to appear and answer, a default was entered, and a forfeiture declared upon the bond. Upon the introduction in evidence of the bond and the record of the impanneling of the grand jury, and their finding of an indictment, together with the record showing the forfeiture, the Court rendered judgment against the defendants for the amount of the penalty in the bond. The sureties appeal.

*Smyth, Young and Smyth* for the appellants, in their discussion of the several points presented in the opinion of the Court, cited authorities in support of the proposition that the forfeiture could not be declared before the bond was properly filed. *Lang* v. *The State*, 3 Blackf., 344; *Andress* v. *The State*, Id., 108; *Davis* v. *The State*, 5 Id., 374; *Codding* v. *Deal*, 6 Id., 80; *Shiel* v. *Fewiter*, 7 Id., 574; *Bacon et al.* v. *The People*, 14 Ill., 312; *The People* v. *Van Eps*, 4 Wend., 387; *Noble* v. *The People*, 4 Gilm., 433.

*C. C. Nourse*, Attorney-General for the State.

1. As to the authority of the County Judge to approve the bond, §§ 3209, 3210, 3216, 3218, 3823, Code of 1851. *The Peoyle* v. *Leggett*, 5 Barb. S. C. R., 360.

2. The defendant might be admitted to bail. *Ullery* v. *Commonwealth*, 8 B. Monr., 5.

3. The terms of the bond required the appearance of the defendant on the first day of the term. He was bound to appear and abide the order of the Court without reference to the question of indictment. Code of 1851, § 3239. *The State* v. *Cooper et al.*, 2 Blackf., 226; *Champlain* v. *The People*, 2 Comst., 83.

4. Section 3224 of the Code of 1851 is directory. *The State* v. *West et al.*, 3 Ohio S. R., 520; *McFarland* v. *The*

*People*, 13 Ill., 14; *Benedict et al.* v. *Cutting*, 13 Met., 186.

·5. This is not a proceeding by *scire facias* and need not be based on a record. It is in the nature of an action of debt on a bond, and such a remedy will lie in this case. *The State* v. *Inman*, 7 Blackf., 225; *Commonwealth* v. *Green*, 12 Mass., 1.

BALDWIN, C. J.—I. The ruling of the District Court upon the defendant's demurrer cannot be reviewed by the Supreme Court, as any error therein was waived by the defendant's answer.

II. It is assigned that the Court erred in the admission of the bond sued on in evidence on the part of the plaintiff.

The first objection made to this bond is, that the County Judge of Linn county could not take or accept the bond of a person admitted to bail by another officer or magistrate.

The provision of the Statute is, that when the defendant has been held to answer for any bailable offense, the admission to bail may be by the magistrate who held him to answer, or by any Judge of the Supreme, District, or County Courts, or by the Court to which the depositions and statements are returned by the committing magistrate. It is obvious from this section, that the County Judge of Linn county had the power to accept the bail, and the bond was not void for want of authority in the officer accepting the same.

It is in the second place objected, that the bond itself shows that the offense was not a bailable one, and that the bond, for this reason, was illegal and void. Section 3211 of the Code of 1851 provides that the defendant cannot be admitted to bail where he is charged with an offense punishable with death. The bond states that the defendant was "feloniously charged with killing two persons," &c. This is not an offense necessarily punishable with death.

Then the Constitution, § 12, art. 1, provided that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offences where the proof is evident or the presumption great." The section of the statute must be so construed, if possible, as to harmonize with the constitutional provision. The fact that the defendant is charged with an offense punishable with death, would not justify a recognizing magistrate in refusing bail, if the proof is slight, or that which was offered tended to show that it was an offense committed under mitigating circumstances, and would not be punishable with death.

In the third place, it is objected that this bond was not returned by the officer taking the same and filed with the Clerk, until the 25th day of October, 1860, long after the forfeiture was taken, and that there is no averment that the bond was so returned, in plaintiff's petition, that there was no evidence introduced to show that it was filed before forfeiture.

Section 3244 requires the officer accepting the bond to file forthwith the same with the Clerk of the Court to which the papers are to be sent. The bond sued on was not on file in the District Court when it was declared forfeited, or without its being a part of the record or in any manner before the Court, we are unable to understand how it could be declared forfeited. There was nothing before the Court showing any obligation upon the part of the defendant to be present, or that the bail was liable for his failure to appear. It is said that this is not a proceeding by *scire facias* and need not be based upon a record. Conceding it to be true that the State under § 3240 of the Code of 1851 is not confined to its remedy by *scire facias*, but has the right, as has been held in the case of *The State* v. *Gorley & Cloud*, 11 Iowa, 52, to bring suit as in debt upon the bond, yet there must be a forfeiture before a right of action accrues

to the State, and without the bond before the Court there could be no default declared.

It is claimed that the date of the indorsement by the Clerk is immaterial, for the law nowhere requires the Clerk to make any indorsement thereon; that it is the magistrate who files the papers with the Clerk. It is the duty of the Clerk to file every paper connected with the record of a cause when it is deposited in his office. The State, perhaps, would not have been prejudiced if the bond had actually been deposited with the Clerk before the forfeiture was declared, if the Clerk had omitted to mark the same filed, but it should be averred and proved that it was so deposited before the Court took any action thereon, otherwise it should not be admitted in evidence.

The cases cited by counsel of appellant sustain the position that such bond should be on file before such forfeiture could be declared, and particularly the case of *Bacon et al.* v. *The People*, 14 Ill., 312. Although this was a proceeding by *scire facias*, we think the principle is equally as applicable in action of debt on the bond. Says TREAT, C. J.: "* * * It does not appear that the recognizance was returned to the Circuit Court before the judgment of forfeiture was pronounced. The statute requires every recognizance taken out of Court to be certified and returned into the Circuit Court. It is not a matter of record until this is done. It must become such before a forfeiture can be entered or a *scire facias* can be issued upon it. The Court may compel the officer by attachment to return it, but it must become a record of the Court before a forfeiture can be declared."

III. The appellants next claim that the Court erred in the admission in evidence of the record of forfeiture, showing that the defendant had failed to appear for the purpose of challenging the grand jury, as such evidence did not tend to establish any liability upon the sureties on the bond.

A defendant held to answer for a public offense has the privilege of challenging the panel of the grand jury or any juror thereof, but he is not required to be present for that purpose. If not present, this right is regarded as waived. If the defendant does not appear for arraignment, or trial, or judgment, or upon any other occasion when his presence in Court is lawfully required, the Court shall enter his default.

The defendant was not called prior to the default for either of these purposes, or for any other purpose than to pass upon the grand jury before his default was declared. The default was therefore premature and unauthorized; and it formed no proper foundation for the proceedings on the bond. Holding, as we do, in reference to the second and third points made by appellants, it is not important that the other questions should be referred to. The judgment is

Reversed.