MARR, *et al. v.* THE STATE.

FORFEITED RECOGNIZANCE—*Practice on.*—Errors in the recitals of a writ or *scire facias*, on forfeited recognizance, are amendable on motion to quash, in the court below, and unless such motion is made, it will not avail here.

The proper practice on forfeited recognizance, is to take an interlocutory judgment, and issue a *scire facias* thereon, though a mere default may be entered, and a *scire facias* issued, requiring the delinquents to show cause why a judgment should not be entered.

Where the proper interlocutory judgment was taken in the first instance, the later judgment should only declare the former final, and order execution.

*Appeal from Scott Circuit Court.*

HON. E. D. HAM, Circuit Judge.

*Clark & Williams,* for appellants.

. We submit: That the instrument entered into before the sheriff, was not a *recognizance,* but simply a *bond,* and that no forfeiture could be had, nor could a *scire facias* issue upon it: *Hicks v. The State;* and if it were a recognizance, it is not in the form prescribed by the statute. *See Gould's Digest 400, chap. 52, secs. 59, 60;* nor was it acknowledged, *5 Jacobs, 393; 2 Saund. R. p 8 i n (8.)* It was not a record, and could not be a recognizance. *See Hicks v. State 3 Ark., 313; Gray v. The State 5 Ark., 266; State v. Williams, 17 Ark., 371; Tidd's Practice, 284; Long v. The State, 3; Ib 289; Black'f 308.*

The judgment is erroneous on the face of the *scire facias;* the party was bound to appear on the 5th Monday in August, 1868; whereas, the *scire facias* alleges that he failed to keep the recognizance, by failing to appear on the 5th Monday after the 4th Monday in August, 1868. *See Acts of 1860–61, p 378;* the recitals were therefore void; *Thurston v. Commonwealth 3, Dana 224; Commonwealth v. Crayhorn 2, Dana 138; Carlies v. Waddle 1, Barb. 355; Butler v. The State of Miss. 12, S. & M. 470; Commonwealth v. Bolton 1, Serg't & R 328; State v. Sulivan 3, Yerg. 281.*

The judgment should have been affirmative of the judgment upon the forfeiture, and not generally against the securities. *Dangerfield v. The State, 4 How. Miss. 658 ; Johnston v. State 3 Ark. 524; Davis v. Commonwealth, 4 Monroe, 118; Pinkard v. The People 1, Scam. 187.*

*Montgomery, Attorney General,* for appellee.

GREGG, J.

It appears from the record that a *capias* issued upon an

indictment, filed in the Scott circuit court, against Allen Marr, for arson, upon which he was arrested by the sheriff of said county, and to procure his release from custody, he, his co-appellants and William C. Gibson, on the 25th of July, 1868, entered into a recognizance, bound in the sum of one thousand dollars, reciting therein, his arrest upon a capias, the charge against him, that he was to appear before the judge of said court, at the court house in said county, on the 5th Monday after the 4th Monday in August, 1868, and then and there answer to an indictment pending against him for arson; and conditioned that if he should so appear on the first day of said court, at the time and place aforesaid, and answer said charge, and not depart the court without leave, the bond to be void.

At the next regular term, in October, 1868, the defendant, Allen Marr, was called and failed to appear, and his securities above named (except J. A. Marr, omitted) were called to produce him in court, and they also made default, whereupon the court adjudged the recognizance forfeited and that the State recover of the defendants called, the sum of one thousand dollars; upon this a *scire facias* was issued against all the obligors; service was had on all but William C. Gibson; at the next term of the court a discontinuance was taken as to him. The defendant, Hough, then appeared in court, and filed a motion to quash the recognizance. *First,* because the capias was made returnable on a day when the court was not authorized to sit. *Second,* because said Allen Marr, by the recognizance, was bound to appear on the 5th Monday after the 4th Monday in August, 1868, when, by law, the court could not be holden on that day. *Third,* because there was no law authorizing said sheriff to take a recognizance at the time they entered into this one.

This motion was, by the court, considered and overruled, and exceptions taken thereto; no further pleadings were interposed, and on motion of the prosecuting attorney, the court rendered judgment, for the amount of the recognizance, against all the defendants except Gibson, as to whom a discontinuance had

been taken, to which the defendants excepted and appealed to this court.

When the capias had been served, and Marr had entered into recognizance for his appearance, and the writ returned, it had fulfilled its office, and whether all the recitals in it, or the *scire facias* were correct or not, was not then material. If they had been erroneous and material, the writs could have been amended by the court. So the first ground, assigned for quashing the recognizance, was not well taken.

The second ground assigned amounts to nothing. The counsel, for appellants, here admit that the fifth Monday after the fourth Monday in August was the proper time for holding the court.

The third was as groundless as the second, because the statute law, in such cases, expressly authorizes the sheriff to take such recognizance.

The counsel here submit, that Allen Marr, being required to be before the court on the 5th Monday in August, 1868, is fatal. It is only necessary to say that this misprision was in the *scire facias* only. The *scire facias* was amendable, had a motion to quash it been made in the court below; as no such motion was made there, it cannot be heard here, and the recognizance, as appears in the record, recites the correct dates, and the obligors thereon, are estopped from going behind it. It is further urged that the failure to render a judgment against J. A. Marr, before the issuance of the *scire facias*, is fatal to the final judgment. The practice in this State has not been uniform, but the better practice is, to take the forfeiture, and at the same time an interlocutory judgment, as directed by statute, and to issue a *scire facias*, calling upon the delinquents to show cause, if they can, why the judgment shall not be made final. But this practice is not regarded as the only remedy. A mere default may be entered in the first instance and a *scire facias* issued, requiring the delinquents to show cause why judgment shall not be rendered for the amount of the recognizance so forfeited. But this departure from statutory regulation, in

practice, is not encouraged, and especially is it irregular to enter judgment for the amount of the recognizance upon the return of the *scire facias*, if the proper interlocutory judgment was entered upon the default. The latter judgment should only declare the former final and order execution.

It is further urged, that this recognizance is not conditioned in the terms of the law; that it is not properly acknowledged before the sheriff, and that the recitals therein are not sufficiently full and explicit.   It is sufficient to say, it is a substantial compliance with the statute.   If the acknowledgment was not in due form, or the recitals full, the court below was the proper tribunal to have heard such objections.   *5 Ark. 433.* The parties, who knew the condition of their obligation, and were sufficiently advised of the proceedings being had to obtain judgment thereon, interposed no defense, and cannot profit by raising technical objections in this court, to the forms of proceeding in the court below.   No substantial error appearing, prejudicial to the merits in this case, the judgment of the court below is affirmed with costs.