## POPE v. BOARD OF COM'RS OF OKLAHOMA COUNTY.

No. 6774. Opinion Filed February 2, 1915.

(146 Pac. 222.)

1. DISTRICT AND PROSECUTING ATTORNEYS—County Attorney—Compensation. Section 1557, Rev. Laws Okla. 1910, provides: "The county attorney shall not engage in the private practice of law, but in addition to his annual salary. * * * he shall receive 25 per cent. of all forfeited bonds and recognizances by him collected." Held, that this provision applies only to such bonds and recognizances collected by the county attorney as are forfeited in the manner provided by section 6110, Rev. Laws Okla. 1910.

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

The rejection of the claim of D. K. Pope by the Board of County Commissioners of Oklahoma County was affirmed by the Superior Court of such county, and Pope brings error. Affirmed.

*McAdams & Haskell,* for plaintiff in error.

*Ames, Chambers, Lowe & Richardson,* for defendants in error.

KANE, C. J. This is an appeal from the action of the superior court of Oklahoma county in affirming the action of the board of county commissioners of said county in rejecting a claim for $1,284.25 presented to it by the county attorney thereof. It seems that the county attorney collected a bond in the sum of $5,000, executed by the Southern Surety Company, as surety, conditioned to save harmless said board of county commissioners from any loss they might suffer by depositing $5,000 of the funds of said county in the First National Bank of Capitol Hill, which afterwards failed without leaving sufficient funds or assets to pay

said deposit. It is conceded that the county attorney collected the penalty of the bond from the surety company.

The contention of the county attorney is that he is entitled to 25 per cent. of the amount by him collected on said bond by virtue of section 1557, Rev. Laws Okla. 1910, which provides:

"The county attorney shall not engage in the private practice of law, but in addition to his annual salary, which shall be the same as that of the county judge, he shall receive 25 per cent. of all forfeited bonds and recognizances by him collected," etc.

It will be seen that it is for the collection of forfeited bonds and recognizances only that he is entitled to receive 25 per cent. The bond involved herein is not a "forfeited bond," within the meaning of the section of the statute, *supra*, nor does it belong to the class of bonds which the law requires to be forfeited before a cause of action accrues thereon. In this, as well as in many other, jurisdictions there are statutes which provide, in effect, that, where there has been a default of the conditions of a certain class of bonds or recognizances, they must be declared forfeited in some formal manner prescribed by statute. Where this rule prevails, until the entry of forfeiture has been made, a right of action on such instruments does not accrue. *Marr v. State,* 26 Ark. 410; *Combs v. People,* 39 Ill. 183; *People v. Witt,* 19 Ill. 169; *State v. Klingman,* 14 Iowa, 404. In jurisdictions having statutes of this tenor, the term "forfeited bonds and recognizances" has a well-known and generally understood meaning. It does not mean bonds and recognizances whose terms and conditions have been breached, and upon which a cause of action immediately accrues, as counsel for plaintiff in error contend. It means bonds and recognizances which upon breach the law requires to be forfeited, and which have been "declared forfeited" in the formal manner prescribed by the statute preparatory to the commencement of an action thereon. Section 6110, Rev. Laws Okla. 1910, prescribes the bonds and recognizances which it is necessary to declare for-

feited, and the method of forfeiture in this jurisdiction. It provides:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. * * * After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited."

·Clearly it is for the collection of instruments "so forfeited" that the county attorney is entitled to receive 25 per cent.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.