JAMES MCFARLAN et al. *v.* THE PEOPLE OF THE STATE OF ILLINOIS.

### ERROR TO HARDIN.

A recognizance in the form of a penal bond, conditioned as required by law, is valid and a *scire facias* lies upon it.

A recognizance entered into before two justices, which by law would have been legal if taken by one justice, is not thereby invalid.

Where a *scire facias* upon a recognizance avers that the recognizance was entered into before, and approved by, the justices, and afterwards filed with the clerk of the Circuit Court, whereby it became a record of that court, it is sufficient, notwithstanding the recognizance set forth in the *scire facias* does not appear upon its face to have been taken and approved by the justices, and by them certified into the Circuit Court.

Justices of the peace have authority by law to take a recognizance in all cases where the offence is bailable; and where a *scire facias* avers that the persons before whom the recognizance was entered into were justices of the peace for the county in which it was taken, this is sufficient, and the court, on demurrer, will presume that the charge was regularly preferred, and examined, and the proper adjudication made by the justices, before the recognizance was acknowledged.

It is not erroneous to enter judgment against two of several cognizors, where the others have not been served with process, or two *nihils* returned as to them.

Where a clerk fails to indorse upon a recognizance the time of the filing of the same in the Circuit Court, he may make the indorsement at a subsequent term, *nunc pro tunc*, under the order of the court.

THIS was a *scire facias* upon a recognizance, tried before the Hon. William A. Henning, in the Hardin Circuit Court, at the April term, 1851; at which time a judgment was rendered in favor of the defendants in error, and against the plaintiffs in error, for the sum of $500.

The *scire facias* was in the words and figures following, to wit:

State of Illinois, Hardin County, *ss.* The people of the State of Illinois to the sheriff of said county, greeting: Whereas Benjamin Spriggs, Charles C. Guard, and James McFarlan, of, &c., did on, &c., before Peter Holland and Thomas Converse, justices of the peace in and for the county of, &c., severally bind themselves unto the people of the State of Illinois in the penal sum of five hundred dollars, as follows, to wit:

Know all men, &c., that we, Benjamin Spriggs, Charles C. Guard, and James McFarlan, are held, &c., unto the people,

&c., in the penal sum of $500, &c.   The condition of the above obligation is such that whereas Benjamin Spriggs, having been accused of the charge of being guilty of the accessary of the manslaughter of a certain Thomas Coleman, lately found in the vicinity of Lewis's Road of said county: Now if the said Benjamin Spriggs shall be and appear before the judge of the Hardin Circuit Court on the 18th day of the next October term of the Hardin Circuit Court, and answer to the charge of said manslaughter, and not depart without the leave of the said court first obtained, and shall well and truly abide decision of said court, and then this obligation to cease; otherwise, to be and remain in full force and virtue.

> Attest, PETER HOLLAND,      BENJAMIN SPRIGGS. [SEAL.]
> THOMAS COWSERX.      CHARLES C. GUARD. [SEAL.]
> JAMES McFARLAN. [SEAL.]

And the said plaintiffs aver that the said Peter Holland and Thomas Cowserx, before whom the said recognizance was executed and approved, were acting justices of the peace in and for the county of Hardin and State of Illinois, duly authorized to accept and approve of recognizances in such cases made and provided; and it is further averred that afterwards, to wit on the day of     , in the year 18   , the said recognizance was filed in the clerk's office of the Hardin Circuit Court as a matter of record in said court; and afterwards, to wit on the 22d day of October, in the year 1846, at a Circuit Court held in and for said county at the court-house in Elizabethtown, came the people, by their attorney, and the said defendant Benjamin Spriggs, being three times solemnly called, came not, but made default; we therefore command you to summon the said Benjamin Spriggs, &c.

To this *scire facias* the defendants Guard and McFarlan, appeared and filed their demurrer, and assigned the following special causes:

1. Because there are blanks in the said *scire facias*.

2. Because there is no averment that said recognizance was returned into court and made a matter of record in said cause.

3. Because there was no certificate of the justices of the peace approving said recognizance.

4. Because there is no such recognizance as described in the *scire facias*.

McFarlan et al. v. The People of the State of Illinois.

This demurrer was overruled, and judgment rendered thereon as aforesaid.

During the progress of the cause in the court below, the people, by their State's Attorney, filed the affidavit of the clerk of the court, in which the said clerk deposed that the recognizance aforesaid was filed in his office on the 9th day of September, 1846, by the justices aforesaid, and that he had omitted to make the usual indorsement thereon. The people thereupon moved that the clerk should be directed to file said recognizance, *nunc pro tunc*. This motion was sustained, and the indorsement made accordingly. An exception was made by the defendants to the ruling of the court, and the facts aforesaid embodied in a bill of exceptions. The defendants prosecute a writ of error upon the following assignments: 1. Overruling their demurrer to the *scire facias* aforesaid; 2. Rendering judgment for the said people.

W. B. SCATES, for the plaintiffs in error.

One justice of the peace is constituted a court for the purpose of inquiry, and commitment, and taking recognizance for manslaughter. Rev. L. 1845, p. 191, § 203.

In case the justice commits, it is his duty to take a recognizance for his appearance. Ibid.

And which shall, when not taken in open court, be certified, by the judge or justice. Id. § 205.

A similar provision is made in certifying by sheriffs. Id. p. 183, § 175.

Execution cannot be awarded on *sci. fa.* until all the parties are brought into court. 1 Gill's R. 110.

And there should be actual service of the *sci. fa.* 2 Scam. R. 306.

There is a distinction between this case and that of Shattuck et al. *v.* The People, 4 Scam. R. 478, because there the bond had been properly certified by the justices; and in a case, in which two were required to sit. But in this case, the law authorized one to sit, and to certify the recognizance, yet we find two justices witnessing the bond merely, and neither of them certifying. And had either certified, it would still be impossible to determine

which sat in the case as the court of inquiry, and which as adjunct by courtesy. The law does not require an attestation by way of witness, but an official certificate of its having been entered into, and approved. 7 Dana, 243; 6 Mon. 43; 4 B. Mon. 418; 6 Blackf. 314; Noble *v.* People, 4 Gill's R. 434; Sans *v.* People, 3 Gill's 327; 2 Sup. U. S. Dig. 681, § 33. The recognizance itself must show the court where it was taken. 6 Yerg. 354.

W. K. PARISH, State's Attorney, and R. F. WINGATE, for the defendants in error.

The approval of the recognizance in this case, by *two* justices of the peace, will not vitiate the same, although one justice might have taken it. Are the cognizors prejudiced thereby? The useless shall not vitiate the useful.

The recognizance is witnessed by, or certified by the officers taking the same. This is a substantial compliance with the statute. The recognizance was returned into court by officers duly authorized *to take the same.* The *sci. fa.* in this respect is sufficient on demurrer. The State *v.* Cherry, 1 Meigs, 232; Suplement to 2 U. S. Dig. 684, § 98; Id. 681, § 142; Ross *v.* The State, 6 Blackf. 314; Starr *v.* Commonwealth, 7 Dana, 243; Commonwealth *v.* Kimberlain, 6 Monroe, 43; Commonwealth *v.* Miller, 4 B. Monroe, 418; Shattuck *v.* People, 4 Scam. 477.

Execution may be awarded on a *sci. fa.* against those of the cognizors who have been served, or who enter their appearance, where the recognizance is 'joint and several, without a return of two " *nihils* " against the other cognizors or personal service on them. Sans *v.* People, 3 Gill, 327; Crisman *v.* People, Id. 351; Passfield *v.* People, Id. 406.

TREAT, C. J. Several questions arise on the demurrer to the *scire facias.*

*First.* It is contended, that the obligation set out in the *scire facias* is not a recognizance. It is in the form of a penal bond, with the condition of a recognizance. It was held, in Shattuck *v.* The People, 4 Scammon, 477, that such an obligation, under our statute, has the force and effect of a recognizance, and that

a *scire facias* may issue upon it as such. That decision fully disposes of this objection.

*Second.* It appears, from the *scire facias*, that the recognizance was entered into before two justices of the peace, and it is insisted that it is void for that reason, inasmuch as the charge of manslaughter was examinable by one justice. It is very true, that one justice had jurisdiction of the charge and might legally have taken the recognizance, but the obligation is none the less valid, because another justice was associated with him.

*Third.* It is objected, that the recognizance copied into the *scire facias*, does not appear on its face, to have been taken and approved by the justices, and by them certified into the Circuit Court. The *scire facias*, however, contains an express averment that the recognizance was entered into before, and approved by the justices, and was afterwards filed with the clerk of the Circuit Court, whereby it became a matter of record in that Court. This allegation is admitted by the demurrer to be true, and it is clearly sufficient to sustain the judgment. Under it, if put in issue, the people could have shown that the recognizance was taken and approved by the justices, and by them transmitted into the Circuit Court. The case of Noble *v.* The People, 4 Gilman, 433, does not lay down a contrary doctrine. In that case, the averment was wanting.

*Fourth.* It is also insisted, that the *scire facias* is defective in not averring that the justices had power and authority to take the recognizance. It does aver that the persons before whom the recognizance was acknowledged, were justices of the peace for the county in which it was taken. In our opinion, this allegation must be held sufficient. The statute confers power on justices of the peace, to take recognizances in all cases of bailable offences committed in their county. Their authority, in this respect, is general, as much so as that of the Circuit Courts. And to this extent, they act as courts of general jurisdiction. The rule, therefore, that presumptions are not to be indulged in favor of the proceedings of courts of limited jurisdiction, is not applicable. Where it appears that these officers have taken the recognizance of a party charged with the commission of a bailable offence in

their county, the presumption properly arises that they acted within the line of their duty and authority; in other words, that the charge was regularly preferred and examined, and the proper decision pronounced, before the recognizance was entered into. The case of the Commonwealth *v.* Kimberlain, 6 Monroe, 43, is in point. There, the *scire facias* recited that Kimberlain "appeared before Thomas M. Buckley and Reuben Samuel, two of the Commonwealth's justices of the peace for said county of Henry," and acknowledged, &c. In answer to the objection that it did not sufficiently appear that the recognizance was taken by persons having competent authority, the court said: " They are expressly stated to be justices; we are bound to notice the authority and jurisdiction conferred by law on the justices of the county; that they acted within the pale of their authority in taking a recognizance, is a presumption in law which will stand until the contrary is proved." The same principle is recognized in the Commonwealth *v.* Miller, 4 B. Monroe, 418, and Shattuck *v.* The People, *supra.*

*Fifth.* It is contended, that it was erroneous to enter judgment against two of the cognizors, before the other was brought into court; and the case of Alley *v.* The People, 1 Gilman, 109, is referred to in support of the position. It is enough to observe, that Alley *v.* The People, was expressly overruled by the cases of Sans *v.* The People, 3 Gilman, 327; Crisman *v.* The People, Ibid. 351, and Pasfield *v.* The People, Ibid. 406, in all of which the principle is settled, that on a *scire facias* upon a joint and several recognizance, where service is had on one or more of the cognizors, and a return of *nihil* as to the rest, execution may be awarded against those served with process. The recognizance in the present case is in terms joint and several.

*Sixth.* During the term at which the judgment was entered, the court directed the clerk to indorse the filing of the recognizance *nunc pro tunc.* He failed to comply with the order, and the court, at the succeeding term, directed him then to make the proper indorsement on the recognizance, which was done. These orders are now complained of, but without any good reason. They but required the clerk to do what he ought already to have done. *The judgment is affirmed.*