CHARLES L. PATE, Appellant, *v.* THE PEOPLE, Appellees.

APPEAL FROM VERMILION.

An action of debt will lie upon a recognizance, and the surety may make surrender, and discharge the recognizance at any time before judgment obtained.

The whole amount of the recognizance is recoverable; courts cannot relieve against the penalty of a recognizance.

THIS cause was heard by DAVIS, Judge.

A. LINCOLN, for appellant.

D. B. CAMPBELL, State's Attorney, for appellees.

TREAT, C. J. This was an action of debt, brought by the People against J. W. Pate and C. L. Pate, upon the following recognizance : —

" State of Illinois, Vermilion County, ss.

" This day personally appeared before the undersigned, two of the justices of the peace in and for said county, Johnson W. Pate and Charles L. Pate, and jointly and severally acknowledged themselves to owe and be indebted unto the people of the State of Illinois, in the sum of one hundred and fifty dollars, to be levied of their respective goods and chattels, lands and tenements, if default be made in the premises, and conditions following, to wit: Whereas the above bounden Johnson

19 *

W. Pate, on the 19th of July, A. D. 1851, was examined by and before' Samuel Huffman, a justice of the peace in and for the county aforesaid, on a charge preferred against him for larceny, by feloniously taking and driving away one steer, the property of John Bailey, and upon hearing the testimony of all the witnesses present; (they having been duly sworn,) was adjudged and required by said justice to give bonds, as required by the statute in such case made and provided, for his appearance to answer said charge. Now the condition of this recognizance is such, that if the above bounden Johnson W. Pate, shall personally be and appear before the circuit court of the said county of Vermilion, on the first day of the next term thereof, to be holden at the court house in Danville, on the third Monday of October, A. D. 1851, and from day to day until discharged by order of said court, then and there to answer to the said people of the State of Illinois, on said charge of larceny, and abide the order and judgment of said court, and not depart the same without leave; then and in that case this recognizance to become void, otherwise to be and remain in full force and virtue. As witness our hands and seals, this 22d day of July, A. D. 1851. Taken, entered into, and acknowledged before us this 22d day of July, A. D. 1851.

G. Merrill, J. P.        JOHNSON W. PATE, [L. S.]
M. Lesley, J. P.            C. L. PATE,       [L. S."]

Process was served on C. L. Pate alone, and judgment was rendered against him for the amount of the recognizance. The record contains this agreement: " The parties agree that the defendant may take the case to the supreme court, as upon appeal, without bond; as matter-of-fact, said Johnson W. Pate did not appear in the circuit court as conditioned in the recognizance, and a forfeiture was regularly taken and entered; and further, that the only questions for the supreme court shall be, whether an action of debt can be maintained against C. L. Pate on said recognizance and forfeiture, either without or with additional averments; and if held that the action can be maintained, what is the measure of recovery; and that the judgment of the court below shall be affirmed, reversed, or modified, according to the opinion of the supreme court; and that no further transcript of the case shall be required."

By this stipulation, the pleadings are not before the court. We have to decide whether an action of debt could be maintained on the recognizance with appropriate averments; and if so, what amount could be recovered.

It is well settled that debt will lie upon a recognizance. It

is an obligation to pay a sum certain. That provision of the statute, which authorizes a surety to surrender his principal in discharge of the obligation, at any time before judgment is rendered upon *scire facias* to show cause why execution shall not issue for the amount of the recognizance, does not exclude the common law remedy by action of debt. But a mere change in the form of the action, will not deprive the surety of this right to surrender the principal. He may make the surrender and discharge the recognizance, at any time before judgment is obtained in the action of debt. Milner *v.* Petit, 1 Lord Raymond, 720; The State *v.* Folsom, 26 Maine, 209; Commonwealth *v.* Green, 12 Mass. 1. In this kind of action, as well as in the proceeding by *scire facias*, the whole amount of the recognizance is recoverable. It matters not what may be the form of the remedy. The sum named in the recognizance is forfeited, by a failure to perform the condition. It is not like the case of an ordinary bond, where the penalty is designed to enforce pecuniary liability; and where the amount really due, and not the penalty, is recoverable. Courts have no power to relieve against the penalty of a recognizance. Johnson *v.* Randall, 7 Mass. 340; Merrill *v.* Prince, Ib. 396; Commonwealth *v.* Dana, 14 Ib. 65; The State *v.* Austin, 4 Humphrey, 213; Badger *v.* The State, 5 Alabama, 21.

If the justices had legal authority to take the recognizance in question, it is clear that an action of debt, or a proceeding by *scire facias*, would lie upon it. That authority may not appear on the face of the obligation, but it could be averred in the declaration or *scire facias*, and proved on the trial. McFarland *v.* The People, 13 Ill. 9. We can readily imagine a case in which the justices had full power to take the recognizance. The statute makes it the duty of a magistrate committing a person in default of bail, to indorse on the warrant the amount in which bail may be given; and it authorizes a judge or two justices of the peace to take bail in vacation, and discharge the accused from custody. R. S. ch. 30, s. 206. If the examining magistrate indorsed on the warrant of commitment that bail might be given in the sum of $150, the justices clearly had the right to take the recognizance. The statute expressly invests them with jurisdiction in such a case. It was competent for the people to allege such a state of case in the declaration, and, if put in issue by the defendant, to prove it on the trial. As the pleadings and proofs are not before us, we must presume they were sufficient to justify the judgment of this court.

The judgment is affirmed.

*Judgment affirmed.*