THE PEOPLE, Plaintiffs in Error, *v.* HORACE R. WITT *et al.,* Defendants in Error.

### ERROR TO SCHUYLER.

The proper course, on default in performance of the condition of a recognizance, is to enter a judgment, declaring the same forfeited.

The recognizance of record and judgment of forfeiture, are sufficient evidence to authorize a judgment in an action of debt, or, under proper averments, upon a *scire facias.*

THE plaintiffs commenced an action of debt to the April term of the Schuyler Circuit Court, 1855, upon the following recognizance :

*State of Illinois, Schuyler County, ss.*—Personally came before the undersigned, James L. Anderson and Edward Bertholf, two of the justices of the peace within

and for said county, R. C. Farnham and Nathan Moore, and jointly and severally acknowledged themselves to owe and be indebted to the people of the State of Illinois, in the sum of five hundred dollars, for the payment whereof they hereby bind themselves, their heirs, executors, and administrators, as also their goods and chattels, lands and tenements. Signed and sealed this tenth day of October, A. D. 1853. The condition of the foregoing recognizance is such, that whereas the above bounden R. C. Farnham was, on the 7th day of June, examined before James L. Anderson and Edward Bertholf, two justices of the peace of said county of Schuyler, on a charge of forgery, and was required to give bail for his appearance on the first day of the next Circuit Court, to be holden within and for the said county of Schuyler, in the State of Illinois, at the court house in said county, in the sum of five hundred dollars; now, if said R. C. Farnham shall personally be and appear at the said court house on the said first day of said term, to answer said complaint, and whatever may then and there be objected against him, and shall abide the order of the court and not depart without leave, then this recognizance shall be void, otherwise to remain in full force and virtue.

R. C. FARNHAM.    [SEAL.]<br>NATHAN MOORE.    [SEAL.]

Taken and acknowledged before us this 10th day of
   October, 1853.     JAMES L. ANDERSON, *J. P.*  }
                  EDWARD BERTHOLF, *J. P.*  }

L. D. ERWIN, *Clerk.*
Filed, Oct. 10, 1853.

And upon a default of said recognizance, had at the October term of said Circuit Court, as follows:

*Wednesday, October* 19, 1853.

THE PEOPLE,
     *v.*     } *For Forgery.*
R. C. FARNHAM.

This day came the people by the State's attorney, and the defendant, R. C. Farnham, being three times solemnly called, came not, nor any one for him, but made default, and Nathan Moore, his security, being three times solemnly called, came not, but made default, and failed to produce the body of the defendant, whereupon the State's attorney prayed a forfeiture of the recognizance herein. It is, therefore, considered by the court that the recognizance herein be forfeited, and it is ordered that a writ of *scire facias* issue against the said defendant, R. C. Farnham, and Nathan Moore, his security, returnable to the next term of this court, requiring them to appear and show cause why judgment should not be had against them for such forfeiture.

The declaration consists of four counts, in each of which every averment is made necessary to uphold a judgment against the defendant Moore, who alone is served with process.

To which four counts the defendant filed the plea of *nul tiel record*, upon which a trial was had.

The plaintiff read in evidence the foregoing recognizance, certificate of acknowledgment, and filing, and the judgment of forfeiture before mentioned, and order dismissing the *scire facias*,

upon which, upon motion of defendant, the said evidence was excluded, and the court, WALKER, Judge, presiding, found the issue for defendant, and rendered judgment upon the finding.

The plaintiff excepted to the ruling of the court in excluding the evidence, and entered his motion for a new trial.

J. S. BAILEY, State's Attorney, for the People.

LINCOLN & HERNDON, for Defendants in Error.

SKINNER, J. This was an action of debt on a recognizance taken in a criminal prosecution.

The declaration counts upon the recognizance as a record of the Circuit Court, and alleges that the same was, by the judgment of said court, forfeited. The defendants interposed the plea of *nul tiel* record, upon which issue was taken, and the cause was tried by the court. The plaintiffs, to maintain the issue on their part, offered in evidence the recognizance described in the declaration and the record of said court of a forfeiture, which recites the default of the cognizors, and adjudges the recognizance forfeited. The defendants objected to this evidence, and the court, sustaining the objection, rendered judgment against the plaintiffs. No cause appears for rejecting the evidence for variance, but it is insisted that a formal judgment of recovery of a sum certain, is essential to a forfeiture of the recognizance.

This is not the law. The proper course, on default in performance of the condition of a recognizance, is to enter a judgment, declaring the same forfeited. *Pinckard* v. *The People*, 1 Scam. R. 187.

The recognizance of record, and judgment of forfeiture, are competent and sufficient evidence, under appropriate averments in *scire facias*, to authorize judgment of execution, "according to the form, force and effect of the recognizance;" and, in an action of debt, to authorize judgment for the amount of the recognizance. *Passfield* v. *The People*, 3 Gil. R. 406; *Alley* v. *The People*, 1 Gil. R. 109; *Kennedy* v. *The People*, 15 Ill. R. 418.

Judgment reversed and cause remanded.

*Judgment reversed.*