FELIX LANDIS *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

$$\begin{array}{|cc} \hline 39 & 79 \\ \hline 103a & 4 \quad 83 \\ \end{array}$$

1. RECOGNIZANCE—*lapse of the term at which the party was to appear—effect thereof.* The lapse of the term of court at which a principal cognizor was to appear will not operate to discharge his sureties from their liability, but the recognizance will stand continued over until the next term, at which, if the principal fails to appear, a forfeiture may be regularly entered.

2. PLEADING. A plea which neither denies any material allegation in the declaration, nor confesses and avoids, is technically bad, on demurrer.

3. SAME—*applied to a plea to a sci. fa. on recognizance.* So, where a *scire facias* upon a recognizance shows that the term of court at which the principal cognizor was to appear was not held, and that a forfeiture was entered at the succeeding term, a plea to the *scire facias*, in which the sureties alleged that their principal did appear at the term which was not held, and did abide by all the orders of the court made at said term, was technically bad, as it neither denied any material averment in the *scire facias*, nor was it a plea of confession and avoidance.

4. JUDGMENT *on forfeited recognizance—its requisites.* In a proceeding by *scire facias* on a recognizance, a judgment was rendered for the amount of the penalty, and it was held not to be erroneous, although an order merely awarding execution would have been sufficient, and perhaps technically more accurate.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a *scire facias* on a recognizance. The pleadings, upon which some questions arise, appear in the opinion of the court. A judgment was rendered in the following form:

"And the said cause coming on now to be heard, and the court being sufficiently advised, it is considered that the said people of the State of Illinois have and recover judgment against the said Edward Cooper and Felix Landis for the sum of five hundred dollars for their debt, and also their costs and charges by them about their suit in this behalf expended."

The defendants bring the cause to this court upon writ of error, and insist the judgment was irregular, as there should have been simply an order awarding execution. The question

is also presented whether the lapse of the term at which the principal cognizor was to appear operated to discharge the sureties.

Mr. H. K. S. O'MELVENY for the plaintiffs in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a *scire facias* on a recognizance entered into by Felix Landis and Edward Cooper, at the May Term, 1863, of the Circuit Court of Fayette county, for the appearance of David Landis at the October Term of said court, to answer to an indictment for an assault with intent to kill. The *scire facias* recited that no term of the court was held in October, and that at the May Term following, the recognizance was duly forfeited. The defendants pleaded that the said David Landis did appear at the October Term, and did abide by all the orders of the court made at the said term. A demurrer was sustained to this plea, and this judgment on the demurrer is assigned for error.

The demurrer was properly sustained. It appears by the *scire facias* that there was no October Term of the court in 1863, and the plaintiffs in error set up as a defense that David Landis did appear at that term, and perform all the orders of the court at that term. Technically, the plea is bad, as it is neither a denial of any material fact averred in the *scire facias* nor yet is it a plea in confession and avoidance. If the object was to raise the question, whether the lapse of the October Term discharged the recognizance, that is answered by the statute. Section forty-two, chapter twenty-nine, of the Revised Statutes, entitled "Courts," provides that, in case of a lapse of the term, "all suits, writs, process, indictments, recognizances and other proceedings, shall stand continued over until the next term of the court, as effectually as if the same had been continued by order of the court." The plea was clearly bad.

It is also assigned for error that the court erred in rendering judgment for five hundred dollars, the amount of the recognizance, instead of merely awarding execution on

the recognizance. While an order merely awarding execution would have been sufficient, and, perhaps, technically more accurate, yet the rendition of a judgment in form, on which an execution will issue, can work no possible injury to the securities in the recognizance, and cannot be assigned for error. The result as to them is precisely the same.

*Judgment affirmed.*