SAMUEL R. COMBS, impleaded with WILLIAM BOSTICK,

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE BY SECURITY ALONE—*when valid.* Where the accused gave bond before the justice, with a surety, to answer any indictment; and when the indictment was found the accused did not appear, and no forfeiture of said recognizance was taken, either as to accused or surety, but the surety was recognized in open court for the appearance of the accused at the next term; *held*, that the second recognizance was not void because entered into by the surety alone, though without the previous recognizance it would have been void.

2. RULE IN SUCH CASES. Where the principal has entered into a recognizance, and, failing to appear, his surety enters into a new one to save the forfeiture of the first, it *is* good.

3. The reasons for the rule which holds the first recognizance void if entered into by the surety alone have no application in such cases.

4. FORFEITURE—*cannot be omitted.* It is error to enter judgment and award execution on a *sci. fa.* against a surety, without having first taken a forfeiture against him at a previous term.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

On the 25th of September, 1864, William Bostick was recognized before a justice, for an assault with a deadly weapon, to appear at the next term of the Circuit Court of Hancock county, with Samuel R. Combs and others as sureties. The indictment was found at the next term. Bostick did not appear, and, at that term, Combs and others of the sureties on the former recognizance were recognized, in open court, for the appearance of Bostick to answer said indictment at the March Term. Bostick did not appear in March, and Samuel R. Combs, alone and in open court, was recognized in the sum of $500 for the appearance of Bostick at the next term, which was in May, 1865, to answer the same indictment. No default was taken on the former recognizance. At the May Term Bostick was called, but did not appear, and a forfeiture was

entered against Bostick, ordering "that his recognizance, taken and entered herein, be taken and held as forfeited." Then follows, in the order, what Combs assigned for error: "That a *scire facias* issue herein against the said William Bostick *and Samuel R. Combs,* his security, requiring them," etc. On the 12th of June the *scire facias* was issued, in pursuance of this order, against both Bostick and Combs; Combs was served, Bostick not found. At the next term thereafter, which was in October, 1865, Combs, by his counsel, moved to quash the *scire facias,* and the court overruled the motion. Final judgment was then entered on the *scire facias* in favor of the people and against S. R. Combs, and execution was awarded thereon. From that judgment this appeal is taken.

Messrs. Grimshaw & Williams, for the appellant.

Messrs. Manier & Peterson, and Mr. C. M. Morrison, State's attorney, for the people.

Mr. Justice Lawrence delivered the opinion of the Court:

At the October Term, 1864, of the Hancock Circuit Court, Bostick as principal, and Combs and Hiler as securities, entered into a joint recognizance for the appearance of Bostick at the March Term, 1865, to answer to an indictment. Bostick failed to appear at said term, and Combs entered alone into another recognizance for the appearance of Bostick at the ensuing May Term. Bostick again failed to appear, was defaulted, and it was ordered that *his* recognizance be forfeited. Combs was not defaulted, nor was *his* recognizance forfeited. On the 12th of June, 1865, a *scire facias* issued against Bostick and Combs to show cause why the judgment of forfeiture should not be made absolute, and execution issue. Combs appeared and moved to quash the *scire facias,* because the recognizance was void, and because he had never been defaulted. The motion was overruled and execution was awarded against Combs, who appealed.

It is urged that the recognizance of Combs entered into at the March Term was void, because entered into by him alone. But for the previous recognizance in which he had united with Bostick, as it must be presumed, at the request of the latter, such would be the law. It is so held in *The People* v. *Slayton*, Breese, 330, where the court say: " The surety is the keeper of the person of his principal, and might control his person without his assent, if the doctrine be recognized that one, without the assent of his principal, may thus enter into a recognizance for his appearance." In the same case, however, the court say, if the principal has entered into a recognizance, and, failing to appear, his surety enters into a new one to save the forfeiture of the first, " there can be no doubt but that it would be obligatory." True, this question was not before the court, but the rule laid down is reasonable, and should be followed. The security having once entered into a recognizance with the principal, at his request, the latter cannot object to the continuance of the relation thus established so long as its continuance is desired by the security and rendered necessary by the delinquency of the principal, in order to save the security from loss. So long as the people on the one side, and Combs on the other, were willing the recognizance should be renewed, Bostick certainly had no right to object to the control over his movements thus given to Combs, as that control originated in the consent of Bostick, and would have terminated at the March Term if he had kept his obligation. Neither should Combs be permitted to object to the recognizance. By entering into it he saved a forfeiture of the first. It was an act of indulgence on the part of the people, giving him a further opportunity to produce Bostick, and there is no more reason for holding it void when viewed in reference to his own position and rights than when regarded in reference to those of Bostick. The reasons leading to the rule which holds the first recognizance to be void, if entered into by the surety alone, have no application here.

It was, however, clearly an error to enter a judgment and award execution on the *scire facias* against Combs, without

having first taken a forfeiture against him at a previous term. The forfeiture was taken against Bostick only. For this the judgment must be reserved, and the cause remanded.

*Judgment reversed.*