## Arthur Burrall v. People of the State of Illinois.

1.   PRACTICE—*Evidence Authorizing Execution in Scire Facias—Recognizance.*—The recognizance of record and judgment of forfeiture are competent and sufficient evidence, under appropriate averments in *scire facias,* to authorize judgment of execution according to the form, force and effect of the recognizance.

2.   SCIRE FACIAS—*Sec. 17, Div. 3, Criminal Code.*—Sec. 17, Div. 3, of the Criminal Code, providing that after the return of the *scire facias* the court shall thereupon enter judgment by default against the defendants for the amount of the recognizance unless defendants shall appear and defend such cause, etc., does not require in that respect, any different procedure on *scire facias,* from that in force in this state prior to that time.

3.   RECOGNIZANCE—*Procedure after Default.*—After default in performance of the condition of a recognizance, the judgment may be that said judgment of forfeiture be made absolute and that the people have judgment of execution against the defendants according to the force, form and effect of said recognizance.   There need be no money judgment, as the recognizance is of record, and the order is for an execution, according to said recognizance.

4.   SAME—*Executions Ordered at Different Times.*—It is permissible to order an execution against the defaulting defendants at one time and an execution against the defendant who goes to trial at another time.

Scire Facias.—Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge presiding.   Heard in this court at the April term, 1902.   Affirmed.   Opinion filed July 18, 1902.

SWEENEY & WALKER, attorneys for appellant.

HAROLD A. WELD, State's Attorney for Rock Island County, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Edward O'Brien was indicted for larceny at the May term, 1898, of the Rock Island Circuit Court, and his bail fixed at $500.   He entered into recognizance for said sum, with Elmer Humberstone and Arthur Burrall as sureties. O'Brien was tried at the same term of court and, as appears from statements of counsel for appellant and inferentially from the testimony, was convicted.   After the verdict was rendered, however, O'Brien was permitted to leave the

court room. On July 2, 1898, which was one of the days of said May term, the defendant and his sureties were called in open court and defaulted. The court thereupon declared the recognizance forfeited and ordered the clerk to issue a *scire facias* against the defendant and his sureties, returnable to the first day of the next term.

It appears from the court records that the *scire facias* was duly issued on July 6th, following, although it bore the date of May 6, 1898. The writ was afterward returned served on Arthur Burrall, the sheriff reporting by his return that he could not find in his county the said Edward O'Brien and Elmer Humberstone. At the May term, 1900, of said court, the defendants O'Brien and Humberstone were again called, and having made default, judgment was entered against them for the sum of $500 and costs. At the same time a rule was entered against the defendant Arthur Burrall to plead, which he did. Afterward at the September term, 1901, Burrall presented and asked leave to file an additional plea which, in substance, averred that he was released and discharged by reason of the fact that at the May term, 1900, judgment had been recovered upon the recognizance against O'Brien and Humberstone. Objection having been made, the court refused leave to file the plea. Afterward at the same term a trial was had before a jury and at the close of the proofs the court, on motion of the state's attorney, excluded the defendant Burrall's evidence and directed the jury to find a verdict for the plaintiff, which was accordingly done.

Appellant insists that the judgment should be reversed for three reasons:

First. That the date of the *scire facias* is prior to the time the forfeiture was entered.

It is true the *scire facias* was dated May 6, 1898. This is, however, an obvious mistake; for it recites that the indictment was returned on the 12th day of May, 1898; that the recognizance was entered into on May 13, 1898, and that judgment of forfeiture was entered on the recognizance at a later date. The court record also recites that the *scire*

*facias* was issued on July 6th. It is to be noted, too, that there was no plea which raised the question now presented. We are therefore of opinion that this mistake, which was evidently a clerical error, presents no ground for reversal of the judgment.

Second. It is objected that "there is no judgment, as required by law, against Burrall; there is only an order for execution for $500 on recognizance, which is not a judgment as now required by law." The judgment of the court in this case was that the people "have execution against said defendant Arthur Burrall for the sum of $500, according to the force, form and effect of his said recognizance, together with their costs in this behalf expended." Prior to 1869, the proceeding was by common law, and our courts held that the proper course, on default in performance of the condition of a recognizance, was to enter a judgment declaring the same forfeited. "The recognizance of record and judgment of forfeiture are competent and sufficient evidence, under appropriate averments in *scire facias,* to authorize judgment of execution 'according to the form, force and effect of the recognizance.'" The People v. Witt, 19 Ill. 169, and cases cited; Landis v. The People, 39 Ill. 79; Combs v. The People, 39 Ill. 183.

In 1869 the provision which now appears as section 17 of division 3 of the Criminal Code was adopted. It provided that after the return of the *scire facias,* "the court shall thereupon enter judgment by default against the defendants for the amount of the recognizance unless defendants shall appear and defend such cause," etc. It is claimed by appellant that the above provision of the statute contemplates a judgment for the amount of the recognizance. Our Supreme Court, in cases decided since the enactment of the statute, have treated the matter as not requiring in that respect, any different procedure on *scire facias,* from that in force in this State prior to that time. After default or issue found for the people on pleadings, the judgment may be that said judgment of forfeiture be made absolute and that the people have judgment of execution against the

defendants according to the force, form and effect of said recognizance. Kepley v. People, 123 Ill. 367 (380); Peacock v. The People, 83 Ill. 331. There need be no money judgment, as the recognizance is of record and the order is for an execution, according to said recognizance. We therefore conclude that the judgment entered in this cause was in accordance with the law.

Third. Appellant claims that the court erred in refusing to allow him to file an additional plea setting up the recovery of the judgment against the two other defendants as a release or discharge of any right of action against him. His position is, there being three defendants in the suit, there could be but one final judgment, and that must be a unit disposing of the case as to all.

In the case of McFarlan v. The People, 13 Ill. 9, it was contended that it was erroneous to enter judgment against two of the cognizors before the other was brought into court. It was there held by the court after referring to several cases, that the principle was settled that " on a *scire facias* upon a joint and several recognizance, where service is had on one or more of the cognizors, and a return of *nihil* as to the rest, execution may be awarded against those served with process." As our courts have given the same construction to the statute in regard to this proceeding which they gave to it prior to the law of 1869, as above mentioned, we are of opinion that, under the case last referred to, it is permissible to order an execution against the defaulted defendants at one time and an execution against the defendant who goes to trial at another time. The additional plea, therefore, presented no defense to the action and the motion for leave to file it was properly denied. We find no error in the record in this case and the judgment of the court below is accordingly affirmed.