## The People of the State of Illinois, Defendant in Error, v. William S. Cutler, and George W. Jackson, Plaintiffs in Error.

1. BAIL—*scire facias.* A writ of scire facias commanding defendants, against whom a judgment of forfeiture has been entered on a recognizance, "to show cause if any they may or can have why execution should not issue against them" is not erroneous because it uses the word execution.

2. BAIL—*execution on judgment of forfeiture.* It is only necessary that there be a recognizance of record and judgment of a forfeiture under appropriate averments in the scire facias, to authorize judgment of execution according to the form, force and effect of the recognizance.

3. SCIRE FACIAS—*sheriff may amend the return.* A sheriff may amend his return on a writ of scire facias so as to show the correct date on which he attempted to serve it, leave to amend having been granted by the court after due notice to the defendant.

Error to the County Court of Effingham county; the Hon. BARNEY OVERBECK, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913.

**Statement by the Court.** On the 14th of January, 1911, W. S. Cutler, one of the plaintiffs in error entered into a recognizance with the Geo. W. Jackson, as his surety, in the sum of $500, conditioned that he personally be and appear before the County Court of Effingham county, at the next term thereof to be holden at the court house in Effingham on the second Monday of June, A. D. 1911, there to answer to an information which was preferred against him in said County Court, for and concerning the crime of violating the Game Law with which the said W. S. Cutler stood charged in said court, and should not depart thence without leave of said court, and on the third day of February, 1911, said recognizance was filed in the office of the clerk of the County Court of Effingham county and then there became a matter of record.

At the June Term, 1911, of said County Court, the said plaintiff in error, W. S. Cutler, failed to appear according to the condition of his recognizance and a judgment of forfeiture was entered and a *scire facias* was ordered to be issued, returnable to the next term of court, against the defendant W. S. Cutler and his surety Geo. W. Jackson, to show cause why the People of the state of Illinois should not have execution upon their said recognizance according to the form, force and effect thereof. On the 17th day of August, 1911, the clerk of said court issued a *scire facias* on said forfeiture, returnable on the second Monday of November, 1911, and delivered the same to the sheriff, who made the following indorsement thereon: "State of Illinois, Effingham County, ss. I, Matt Faber, Sheriff of said County, do hereby make return to the Court of the fact that the within named W. S. Cutler and Geo. W. Jackson, nor either of them can be found anywhere within my County. November 4th, 1911. Return 10 cts. Matt Faber, Sheriff of Effingham County, Illinois."

And on the 13th day of November, 1911, he handed the *scire facias* to the county clerk, who filed it of

date of November 13, 1911. On the 14th of November, 1911, the plaintiffs in error failed to appear in the County Court and a judgment of forfeiture, entered at the June Term, on forfeited recognizance which was on the docket at the Law Term, November Term, 1911, as No. 22, and on June 13, 1912, defendants in error, filed with the clerk of the County Court of Effingham county, a motion to redocket the case of the People of the State of Illinois v. W. S. Cutler and Geo. W. Jackson—*scire facias* on forfeited recognizance, for leave to Matt Faber, the sheriff to amend his return on the *scire facias*. The record shows that on the 18th day of June, 1912, at 9 A. M. the plaintiff in error appeared in the court, by W. A. Bowles and Wright Bros. & Denton, their attorneys, and the court after hearing the motion and the evidence offered by the People in support thereof redocketed the cause and granted leave to the sheriff to amend his return on the *scire facias*. The record further shows that on the 19th of June, 1912, the sheriff came into court with the *scire facias* and amended his return, which amendment was in the words and figures as follows:

"Amendment to Sheriffs Return made by order of the County Court granting leave to amend.

STATE OF ILLINOIS,     } ss.
EFFINGHAM COUNTY,  }

I, Matt Faber, Sheriff of the said County, do hereby make return to the Court of the fact that the within named W. S. Cutler and Geo. W. Jackson nor either of them can be found anywhere within my County. November 9th, A. D. 1911. Return 10 cts.

                              MATT FABER,
            Sheriff of Effingham County, Illinois.

"And I further certify to the Court that the within writ remained continuously in my possession from the date of its issue until the 13th day of November, A. D. 1911, when I returned the same to the Clerk of the Court who issued the same and he filed it in his office.

                              MATT FABER,
        Sheriff of Effingham County, Illinois."

WILLIAM A. BOWLES and JAMES E. BOWLES, for plaintiffs in error; WRIGHT BROS. & DENTON, of counsel.

R. C. HARRAH, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff in error urges two separate reasons for a reversal of this case. First, that the court erred in allowing the sheriff to amend his return to the writ of *scire facias*. Second, the *scire facias* was insufficient in that it required the defendants "to show cause why execution should not issue against them upon the recognizance according to the form, force and effect thereof and of the forfeiture aforesaid."

The first objection cannot prevail over the provisions of the statute authorizing such amendments. Hurd's Revised Statutes of 1909, chap. 7, sec. 4: "All returns by any Sheriff or other officer or by any court or subordinate, tribunal, to any Court may be amended in the manner or form or according to the truth of the matter by the Court to which such return shall be made in its discretion as well before as after judgment."

Due notice was given to defendants of the intended application to the court for leave to the sheriff to amend his return and on the hearing of the application the court in its discretion permitted the sheriff to amend his return in accordance with the truth of the matter and unless this court can see there was an abuse of such discretion it should not interfere.

The sheriff's return as first made, on the writ, showed that up to the 4th day of November, 1911, the defendants had not been found in his county. The writ was filed with the clerk on the 13th of November, 1911, and the sheriff on the application to amend his return testified that the writ remained in his possession until the day it was filed with the clerk and that from the 4th of November, to the 13th of November, he was unable to find the defendants in his county.

There was no dispute of the fact and the amendment allowed simply stated the truth of the matter as shown by the evidence and therefore the court did not err in allowing the amendment.

The second objection challenges the sufficiency of the writ of *scire facias*. The specific objection made is that the writ is void because the word "execution" is used in the writ instead of the word "judgment."

That part of the writ complained of wherein the wrong word is claimed to have been used is as follows: "then and there to show cause if any they may or can have why execution should not issue against them upon the aforesaid recognizance according to the form, force and effect thereof and of the forfeiture aforesaid and have you then and there this writ with a return of your doings thereon as the law directs."

The language used in this writ is identical with that employed in the writ of *scire facias*, which was not only held sufficient but referred to a model of correctness in the case of Gingrich v. People, 34 Ill. 449.

In the case of Landis v. People, 39 Ill. 79, it was held that the awarding of an execution was technically more accurate than the rendition of a judgment.

In Wheeler v. People, 39 Ill. 430, the writ of *scire facias* commanded defendants to "show cause why execution should not be had against them for the amount of the recognizance."

The approved practice in this state only requires that there be a recognizance of record and judgment of a forfeiture under appropriate averments in the *scire facias*, to authorize judgment of execution according to the form, force and effect of the recognizance. Kepley v. People, 123 Ill. 367.

The *scire facias* was clearly sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*