**People of State of Illinois, Appellant, v. Anthony Rocco, Appellee.**

**Gen. No. 46,481.**

First District, First Division.

January 31, 1955.

Released for publication February 23, 1955.

John Gutknecht, State's Attorney, of Chicago, for appellant; Gordon Nash, James B. Murray, Albert I. Zemel, Assistant State's Attorneys, all of Chicago, of counsel.

Sherwin & Sherwin, of Chicago, for appellee; Julius L. Sherwin, and Theodore R. Sherwin, both of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

This case, No. 46,481, and People v. Morris, No. 46,482, are appeals from judgments of the municipal court dismissing, on motions of defendants, two causes of action in debt predicated upon criminal bonds forfeited in criminal proceedings. By order of October 25, 1954, the two cases were here consolidated.

The question presented in the case here under consideration is whether an action in debt is a proper remedy to enforce the collection of forfeited criminal bonds, or whether the provisions of chapter 38, division III, paragraphs 625 et seq. (sections 17 et seq.) of the Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann.

37.582 et seq.], are sole and exclusive remedies. The trial judge entered an order on motion of defendant that suit be dismissed and that defendant recover of and from plaintiff the costs of the proceeding. Defendant's counsel say that this issue has never been passed on in Illinois since the enactment of the first special statute regulating procedure on bail bonds. (Statutes of Illinois 1869, ed. by Gross, 3d ed., 1871, ch. 30, div. 16, par. 113, sec. 28, p. 206.) Prior to 1869 there was no special statute regulating procedure on forfeited bail bonds. Consequently, there are cases before the enactment of that statute wherein either scire facias or common-law actions of debt were brought. Two of these cases are relied upon by the people in support of their contention that the provisions of chapter 38, paragraphs 625 et seq. of the Illinois Revised Statutes 1953, which superseded the statute of 1869, do not afford exclusive remedies, but that the people may maintain an action in debt to recover the amounts due by reason of the breach of conditions of a criminal recognizance bond. Pate v. People, 15 Ill. 221 (1853); People v. Witt, 19 Ill. 169 (1867).

The statute of 1869 was subsequently incorporated in the act entitled "An Act to revise the law in relation to criminal jurisprudence," Revised Statutes 1874, edited by Hurd, division III, paragraphs 310 et seq. (sections 17 et seq.), page 397. Section 17 of that act as amended constitutes the statutory law today and specifically regulates the procedure on forfeited bail bonds. It reads as follows: "When any person who is accused of any criminal offense shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance or bond, the court shall declare such recognizance or bond to be forfeited, and the clerk of the court shall issue a scire facias as in other civil actions against such person and his sureties, returnable on a designated return day not

240

less than thirty or more than sixty days from the date of such forfeiture to show cause why judgment should not be rendered against such person and his sureties for the amount of the recognizance or bond, which scire facias shall be served in like manner as process of summons in a civil action upon such person and his sureties at least five days before the return day on which the same is returnable; and in case the person aforesaid cannot be found by the sheriff, he shall make return of that fact to the court. After the scire facias is thus returned the court shall enter judgment by default against the defendants for the amount of the recognizance or bond unless defendants shall appear and defend such cause; . . ."

In addition to the provisions of section 17, which make it mandatory that scire facias proceedings be instituted, division III of the act of 1874 provides a code of legislation prescribing the procedure to be pursued with respect to the forfeiture of criminal bail bonds, thus indicating the legislative intent that the statutory procedure supersede the common law. Consequently, the earlier cases of Pate and Witt are no longer applicable.

Section 17a of division III of the Criminal Code, chapter 38, section 625a, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 37.583], contains a provision that the county board may compromise and release judgment entered pursuant to section 17 of the act, and chapter 38, section 616 and section 616a [Ill. Rev. Stats. ch. 38, §§ 616, 616a; Jones Ill. Stats. Ann. 37.572, 37.573] contain provisions making bail bonds a lien on real estate scheduled as bail by a surety, and fix the time for expiration of the lien at three years. Section 17 referred to in each of the foregoing statute compilations is that portion of the statute which provides for scire facias proceedings, and the authority of the county board to compromise a judgment is lim-

ited to judgments entered on scire facias. Section 17 of the statute designates the procedure for vacating or modifying forfeitures at any time within a specified period. By the terms of that section the right of the court to vacate or modify a forfeiture or a judgment and the right of a surety or other party to benefit from the provision, is expressly limited to judgments in scire facias proceedings. These various provisions clearly disclose the legislative intent that the statutory remedies be exclusive.

In People v. Sullivan, 339 Ill. 146, the court, in discussing the provisions of section 17, stated that the language is mandatory and leaves no room for the exercise of discretion when the court has once determined that the defendant is in default on the conditions of his bond.

In support of their contention that the procedure under chapter 38, paragraphs 625 et seq. is not an exclusive remedy, but that an action in debt will lie to enforce the conditions of the bond, the People cite several early Illinois decisions, including the Pate and Witt cases, to which we referred earlier in this opinion. One of the decisions cited, People v. Trout, 151 Ill. App. 312, involved a proceeding on a bond guaranteeing the appearance of defendant in a bastardy case. However, it has been held that a prosecution under the Bastardy Act is not a criminal prosecution (People ex rel. Meyers v. Glees, 322 Ill. 189), but a civil action. Since the special statute involved in this appeal regulates the procedure "when any person who is accused of any criminal offense shall give bail for his appearance," that case is not applicable. Kepley v. People, 123 Ill. 367, was an action under the bail bond statute under scire facias and not a common-law action of debt, and the point of the exclusiveness of the remedy by scire facias was not before the court for consideration. Industrial National Bank v. Shalin, 330 Ill. App.

242

498, is a civil proceeding to revive a civil judgment; neither the bail bond statute nor a forfeited bail bond is there considered.

The only cited case in point is State v. Gann, 164 Tenn. 601, 51 S.W.2d 490, wherein a bill was filed to recover the penalty of a bond. Defendants had demurred to the complaint, among other reasons, on the ground that the statute prescribed the remedy upon forfeited bonds and recognizances. The statute under consideration in that case was similar to the Illinois statutory provisions of chapter 38, sections 625 et seq. (sections 7141–7147, Shannon's Code of 1932 of Tennessee). The court there pointed out that the precise question had not been determined in Tennessee, but that it was apparent from a consideration of the statutes that the statutory procedure was exclusive and must be followed, saying that "it would be anomalous to hold that the recognizance, which is but the obligation of bail entered of record, should be enforced by the statutory procedure, and that the bail bond filed with the court, but not entered of record, might be enforced by a separate action as a common-law obligation."

In the light of these conclusions we hold that the state should have had forfeitures in the criminal court, and then have proceeded by way of scire facias and judgment in that court.

The judgment order of the municipal court was correct except as to the assessment of costs. "It is an established principle that the People are never liable for costs unless rendered liable under an express statutory provision." People v. Summy, 377 Ill. 255. See also People v. Wabash, St. L. & P. Ry. Co., 11 Ill. App. 512.

Accordingly, the judgment of the municipal court is modified; that part directing the dismissal of the suit

is affirmed, while the provision assessing the costs against the People is reversed; and as thus modified, the judgment of the municipal court is affirmed.

Affirmed in part; reversed in part; and modified.

BURKE, P. J. and NIEMEYER, J., concur.