People of the State of Illinois, Plaintiff-Appellee, v. Eddie Tippins, Defendant in Cause No. 48,261.
People of the State of Illinois, Plaintiff-Appellee, v. Delbert Roberts, Defendant in Cause No. 48,262.

Gen. Nos. 48,261 & 48,262.

First District, First Division.

October 30, 1961.

Harry G. Fins, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County (Edward J. Hladis, Assistant State's Attorney, of counsel) for plaintiff-appellee in action against Eddie Tippins, and Daniel P. Ward, State's Attorney of Cook County (Francis X. Riley, Assistant State's Attorney, of counsel), in action against Delbert Roberts.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

These two appeals, People v. Tippins, No. 48261, and People v. Roberts, No. 48262, consolidated here, are from judgments entered against the appellant,

Union Motor Club, Inc., on membership cards issued by the motor club and accepted by the Municipal Court of Chicago as bail bonds in arrests of motor club members for minor traffic violations.

In 1946, the Municipal Court of Chicago promulgated its Rule 11, whereby members of automobile clubs may deposit certificates of appearance (membership cards) as bail bonds for their appearance in the event of arrest for minor traffic violations. In 1953, the Union Motor Club, Inc., having complied with the requirements of Rule 11, was authorized by an order of the Municipal Court of Chicago "to issue certificates of appearance," to be accepted by the court, its officers and police officers "as a good and sufficient bond for the appearance for trial of any such member to whom such certificate shall have been issued when such person shall have been arrested for any of the violations hereinabove set forth and the cash bond required does not exceed the sum of One Hundred Dollars ($100)." At that time Union Motor Club, Inc., filed its $2500 bond with the clerk of the court, which the court ordered to "stand as petitioner's bond to guarantee the payment of fines and forfeiture under the provisions of the certificate of appearance herein authorized."

Defendant Tippins was arrested on June 22, 1954, and charged with speeding. Defendant Roberts was arrested on August 20, 1955, and charged with driving without a driver's license. Both defendants deposited with the police their membership cards in the Union Motor Club, Inc., as bail bonds, and both defendants failed to appear in court, as notified at time of arrest. In the case of Tippins, an order was entered on August 3, 1954: "Recognizance, driver's license, surety forfeited, warrant v. defendant," and on September 24, 1954, a capias was issued. In the case of Roberts the record shows that a capias was issued on

October 26, 1955, and a forfeiture entered on June 26, 1960.

On June 26, 1960, without issuing or serving a writ of *scire facias* or any other process, a judgment in the sum of $25 was rendered in each case against the motor club. Subsequent motions of the motor club to vacate the judgments were denied, and these appeals followed.

The decisive question is whether judgments may be entered on the Union Motor Club membership cards deposited as bail bonds for the appearance of its members arrested for minor traffic violations, without prior *scire facias* proceedings in conformance with the provisions of Section 17 of Division III of the Criminal Code (Ill Rev Stats 1959, c 38, § 625).

The principal contention of the People, to sustain the judgments, is that when the Union Motor Club was authorized to issue the certificates of appearance to its members, its undertaking was broader in scope than an undertaking on a bail bond; that it was a guarantor and its liability was imposed immediately upon default of the principal; and that in availing itself of the privilege extended by Rule 11, the motor club guaranteed the payment of forfeitures and fines in the cases of defaulting defendants and thereby waived "any rights under the law to a *scire facias* proceeding." The authorities cited are not persuasive here. We fail to see any waiver in this record by the motor club or the principal defendants of any procedural rights, either statutory or common law.

The People also contend that the Municipal Court of Chicago has the right to make a rule allowing enforcement of bail by a procedure other than the statutory requirement of *scire facias*. No discussion of this contention is necessary, because the record does not contain such a rule. Rule 11 deals only with the manner of qualifying motor clubs as sureties and does

not specify or provide for any judgment or collection procedures. Rule 15 of the Municipal Court of Chicago provides for *scire facias* "when any person who is accused of any criminal offense shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance or bond . . . ." Neither rule can be construed as providing for any other procedure to enforce the collection of forfeited criminal bonds than the method set forth in Section 17 of the Criminal Code.

We agree with the People that after the motor club was authorized by the court to issue its certificates of appearance, "it had entered a privileged class and had assumed additional burdens . . . and should now be made to measure up to its guaranteed undertaking." However, it is not disputed that the traffic violations in question are misdemeanors and constitute criminal offenses (Ill Rev Stats 1959, c 38, § 588). Therefore, it follows that the procedure to enforce the collection of the forfeited bail bonds, given by persons accused of these criminal offenses, should conform to the *scire facias* proceedings required in Section 17, which, by its terms, includes "any person who is accused of any criminal offense."

As the motor club membership cards were intended to be and were used as bail bonds in the instant cases, they must be treated as such and, if so, on forfeiture, should be enforced by way of *scire facias* and judgment in the Municipal Court. The language of section 17 is mandatory and "leaves no room for the exercise of discretion when the court has once determined that the defendant is in default of the conditions of his bond." (People v. Sullivan (1930), 339 Ill 146, 152, 171 NE 122.) We agree with the contention of the motor club that the sole and exclusive remedy to enforce the collection of these forfeited bail bonds is by *scire facias,* in accordance with Section 17 of the

Criminal Code. People v. Rocco (1955), 4 Ill App2d 238, 243, 124 NE2d 25; People v. Tate (1960), 26 Ill App2d 316, 168 NE2d 45.

We believe our conclusion makes it unnecessary to consider and dispose of other contentions made by the motor club. Therefore, in accordance with the views expressed herein, we hold that the Municipal Court of Chicago had no jurisdiction to enter the two judgments herein appealed from, and they are hereby reversed.

Reversed.

BURMAN, J., concurs.

ENGLISH, J., took no part.