**The City of Chicago, a Municipal Corporation, Appellee, v. Summit Fidelity and Surety Company, a Corporation, Appellant.**

Gen. No. 49,010.

First District, First Division.

February 13, 1964.

LeRoy Winer, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by a surety on a forfeited bail bond from a judgment entered against it, as surety, in a civil common law action. The principal question is whether statutory scire facias proceedings were required to be filed on the bond forfeiture in order to obtain a money judgment.

Defendant, a professional bail bondsman, was surety on a bail bond given on July 10, 1959, in Municipal Court of Chicago quasi-criminal case No. 59 MC 149134, for the appearance of Mary Lee Trimble, who had been arrested on July 9, 1959. The "quasi-criminal complaint" charged that she "did resist a police officer" in violation of section 6 of chapter 11–33 of the Municipal Code of Chicago. On August 7, 1959, the recognizance of the defendant and surety was forfeited by order of court, and a warrant was issued against the defendant Trimble.

On June 8, 1961, the City of Chicago commenced the instant civil action in the Municipal Court of Chicago, by a "complaint at law" against the defendant surety on the bail bond forfeiture "in the case of City of Chicago vs. Mary Trimble, 59 MC 149134." After trial, a judgment was entered against the defendant surety for $25, the amount of the bond, and costs. This appeal followed.

Defendant contends that the underlying case, the resisting of an officer, was of a "criminal nature." Therefore, the sole remedy to enforce the collection of this forfeited bail bond was by scire facias, in accordance with the provisions of section 17 of Division III of the Criminal Code (Ill Rev Stats 1959, c 38, § 625).

Cases cited by defendant are: People v. Rocco, 4 Ill App2d 238, 124 NE2d 25 (1955), where the court held that an action of debt, brought to enforce the

collection of forfeited criminal bonds, was not the proper remedy, and that a scire facias proceeding in accordance with section 17 was the sole, exclusive remedy; People v. Tate, 26 Ill App2d 316, 168 NE2d 45 (1960), where the court said (p 317): "Because the underlying cases were of a criminal nature the scire facias proceedings were required to conform to section 625 of the Criminal Code"; People v. Tippins, 32 Ill App2d 350, 353, 177 NE2d 860 (1961): "However, it is not disputed that the traffic violations in question are misdemeanors and constitute criminal offenses . . . . Therefore, it follows that the procedure to enforce the collection of the forfeited bail bonds, given by persons accused of these criminal offenses, should conform to the scire facias proceedings required in section 17, which, by its terms, includes 'any person who is accused of any criminal offense' "; People v. Brown, 35 Ill App2d 182, 187, 182 NE2d 347 (1962): "Upon the entry of a judgment of forfeiture the obligation of the surety becomes a debt of record and the record imports absolute verity. . . . The procedure by scire facias provided by statute is the statutory method of reducing the debt of record to a money judgment and is a civil proceeding. ILP Bail, § 71."

The City argues that the cases cited by defendant are criminal prosecutions carried on "in the name and by the authority of the People of the State of Illinois," as required under the Illinois Constitution of 1870, Section 33 of Article VI (Ill Rev Stats 1961, Vol 1, p 18), and, as such, they do not constitute authority or precedent for civil proceedings.

In support of this contention, the City has cited cases to show that proceedings commenced in the corporate name of a city to collect penalties provided for the violation of a municipal ordinance are civil actions and governed in all respects by the rules of procedure in civil cases: Hoyer v. Town of Mascoutah,

462

59 Ill 137, 138 (1871): "It has been repeatedly held by this court, that a proceeding to collect a penalty for the violation of a town ordinance is a civil suit. Such a penalty can not be recovered in any criminal proceeding. . . . The fact that the offense charged was assault and battery, does not change the character of the proceedings. It is still a civil suit. The town only acquires jurisdiction because the offense is prohibited by ordinance"; City of Chicago v. Kenney, 35 Ill App 57, 64 (1889): "The fact that there is an arrest either by warrant or on view, does not change the proceeding from a civil to a criminal one"; City of Chicago v. Williams, 254 Ill 360, 363, 98 NE 666 (1912): "A suit by a city or village to recover a penalty for the violation of an ordinance is a civil suit and the rules applicable to criminal procedure have no application thereto"; City of Chicago v. Marquardt, 30 Ill App2d 108, 110, 173 NE2d 825 (1961): "This is a quasi-criminal action, which is tried and reviewed as a civil proceeding . . . and comes within the civil case section of the Venue Act"; City of Decatur v. Chasteen, 19 Ill2d 204, 216, 166 NE2d 29 (1960): "An action to recover a penalty for the violation of a municipal ordinance, though quasi-criminal in character, is civil in form and is ordinarily termed a civil action and not a criminal prosecution."

Defendant argues that the foregoing cases are not in point because they are basically suits to recover penalties for ordinance violations, and that the instant lawsuit is a proceeding to enforce the collection of a forfeited bail bond given for the appearance of a defendant in an underlying case, which was of a criminal nature. To this, the City admits that "Trimble, in resisting arrest, may have violated the criminal statute as well as the city ordinance. She may be subject to separate penalties, one for the crime in a criminal proceeding, and the other for the ordinance penalty in a civil proceeding. However, Trimble was charged

with violation of a municipal ordinance and, therefore, only the rules of civil procedure apply."

The City further contends that section 17 vests all interest and benefit therefrom in the People of the State of Illinois, for the use of the People, the State's Attorney and the County Superintendent of Schools of the county wherein the judgment is rendered; that as municipalities are not included in section 17, the legislature could not "have intended to extend the provisions of section 17 of the Criminal Code to bail bonds given in civil actions to collect penalties for ordinance violations"; and that it is not to be presumed that the legislature intended to require the City to accept a bail bond in an ordinance enforcement action, which the City could not enforce upon forfeiture, and which section 17 would prevent the City from collecting. City of Champaign v. Hill, 29 Ill App2d 429, 173 NE2d 839 (1961).

We have concluded from the authorities cited by the City, and the arguments based thereon, that the instant proceedings against the defendant surety on the bail bond forfeiture must be "governed in all respects by the rules of procedure in civil cases." The fact that the underlying case also might be of a "criminal nature" does not change the character of the proceedings. Therefore, we find that it is proper for a municipality, in a civil common law action in its corporate name, to enforce the collection of a forfeited bail bond given by a defendant charged with the violation of a municipal ordinance, without having to proceed in accordance with the provisions of section 17 of Division III of the Criminal Code.

For the reasons given, the judgment of the Municipal Court is hereby affirmed.

Affirmed.

ENGLISH, P. J. and BURMAN, J., concur.