## THOMAS J. CONNER ET AL. v. THE STATE.

Article 749 of the Code of Criminal Procedure reads as follows: "In cases of misdemeanor, where no formal sentence is to be pronounced, no proceedings need be had after filing the mandate in the district court, but the cause shall stand as it would have stood in case no appeal had been taken, and the recognizance of the defendant may be forfeited, or a *capias* issued to enforce the punishment adjudged, whether of fine or imprisonment, or both, in the same manner as if no appeal had been taken." (Paschal's Dig., Art. 3215.) If the recognizance be forfeited, articles 408 and 409 of the Code prescribe the procedure, which must be strictly pursued. (Paschal's Dig., Arts. 2880, 2881, Note 727.)

Articles 412 and 417 provide for judgments by default (after the return of *scire facias*) upon insufficient showing. (Paschal's Dig., Arts. 2883, 2888, Note 729.)

Where none of the requirements of these articles were pursued, but, upon the return of a mandate of affirmance of a judgment of a conviction and fine, the clerk issued execution for the fine and all costs, such executions were void, and properly quashed.

Article 722 of the Code of Criminal Procedure reads as follows: "When the defendant appeals in any case of misdemeanor, he shall be committed to jail, unless he enter into recognizance to appear before the district court to abide the judgment of the supreme court." (Paschal's Dig., Art. 3186, Note 707.) The sureties do not bind themselves to pay the fine and costs, or any other amount, upon the affirmance of the judgment merely; but to pay a certain specified sum in case the defendant does not appear at the time and place stated in the recognizance to abide the decision of the supreme court.

And upon the return of a *scire facias* to show cause, the sureties, as in other cases, (Code of Crim. Pro., Art. 413,) may show that the principal had died before the forfeiture was entered. (Paschal's Dig., Art. 2884, Note 730.)

And, whatever may be the mode of proceeding, the sureties are entitled to all the defenses prescribed in the statute; and as the principal had died before the judgment of affirmance in the supreme court, upon proving that fact, the sureties had the right to be discharged.

ERROR from Cherokee. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The following are the facts of the case: J. W. McElroy was indicted in the district court of Cherokee county for disturbing public worship. On 3d of April, 1860, he was tried, convicted, and fined $20. Motion for new trial overruled, and appeal to Supreme Court. Recognizance, with

plaintiff in error as his sureties. On the 18th of May, 1860, the defendant died. On the 23d of May, 1860, the judgment of the district court was affirmed by the Supreme Court, the death not being known to the court. (McElroy v. The State, 25 Tex., 508.) On the 23d of July, 1860, affidavit was made by W. F. Conner, one of the appellants, of the death of McElroy. This affidavit being made, the clerk issued an execution against appellants, as the sureties of McElroy. On the 20th of March, 1861, appellants filed a motion to quash the execution, (an *alias* having been issued,) averring that said execution was a nullity, because there was no judgment authorizing it; and that the judgment of the Supreme Court, affirming the judgment against McElroy, was void, the party having died before the date of the judgment. On hearing the motion the court quashed the execution, and rendered judgment against the appellants in favor of the state for the sum of $65 20, less $3 50, which had been paid, and the costs of the motion, which had been sustained. From this judgment appellants prosecuted an appeal to this court.

*Donley & Anderson*, for appellants, reviewed the facts and the Code, upon which the decision turned.

*William M. Walton, Attorney General*, for the State.—The assignments of error may well be considered under two heads, and in the following shape:

1. The court erred in rendering judgment, in presence of the facts in evidence, against the appellants and their co-sureties.

2. The court erred in charging appellants with the costs of the motion.

I. The second assignment, as above noted, will be noticed first. It is matter of discretion with the court to charge costs against parties, and that discretion was soundly exercised in this case. It was the negligence of appellants

which rendered the motion necessary in order to reach the remedy they sought. Under the plainest rule, it was their duty to have made known to the Supreme Court that their principal was dead.

II. Admit, as precedents compel us to do, that, under the facts in the case, the judgment of the Supreme Court, affirming the judgment against appellants' principal, was void, because rendered against a dead party, still the void character of that judgment does not destroy the appeal in the original case, nor does it relieve appellants from responsibility as securities on the appeal bond or recognizance in that case.

In our view, the appeal in the original case stands, in this court, undisposed of, because the judgment rendered thereon was void; if void, no judgment at all, and did not dispose of the case.

III. There is another error alleged, which perhaps deserves a moment's notice, although it is not grouped among the errors named by me in the first of this brief. It is this, that it was error in the court to render judgment in favor of the state, without a plea on her part asking the judgment. I reply, all the facts and equities arising in the case were before the court, in the motion of appellant and in the evidence introduced to sustain the motion. The state could allege no fact not already shown to the court. All the facts were in the possession of the court, and being so in possession, the court was fully authorized to apply the law, and extend all the remedy and relief they warranted.

WILLIE, J.—This was a motion, made in the form of a petition, addressed to the court below, to quash an execution against the property of the plaintiffs in error, issued from the office of the clerk of the district court of Cherokee county. The facts alleged in the petition, and substantially proved upon the trial, are about these: One J.

W. McElroy was indicted and convicted in said court of the offense of disturbing public worship. He appealed to the Supreme Court, and the plaintiffs in error became sureties upon his recognizance. After the appeal was perfected, viz, on the 18th day of May, 1860, McElroy died, and subsequent to his death, viz, on the 23d day of May, 1860, the judgment against him rendered in the court below was affirmed by the Supreme Court. The mandate of the Supreme Court was filed with the district clerk of Cherokee county, and affidavit having been made before him that McElroy had died, he issued execution against his said sureties, the plaintiffs in error, for the amount of fine ($20) assessed against McElroy upon his conviction in the district court, for all costs incurred in that court in the cause, including $3 50 charged for the transcript made out for the Supreme Court. This execution having been returned "not satisfied," an *alias* issued on the 14th March, 1861, and it was to quash this execution that the present proceeding was instituted. The case, it would seem, though no agreement to that effect appears in the record, was submitted to the judge below upon the law and the facts, no pleas having been filed by the clerk, sheriff, or district attorney, upon whom service of the motion was had. The judgment of the court was, in effect, that the execution be quashed and ordered to be returned, and that the State of Texas recover of the plaintiffs in error the amount of fine and costs adjudged against McElroy in the district court, less the $3 50 paid for the transcript, together with the costs of this proceeding. From this judgment the writ of error is prosecuted.

Our statute provides that, in cases of misdemeanor, like the present, where the judgment of the court below has been affirmed upon appeal, no proceedings need be had after filing the mandate in the district court, but the cause shall stand as it would have stood in case no appeal had been taken, and the recognizance of the defendant may be

xxx—7.

forfeited, or a *capias* issued to enforce the punishment assigned, whether of fine or imprisonment, or both, in the same manner as if no appeal had been taken. (Code Crim. Pro., Art. 749,) [Paschal's Dig., Art. 3215.]

Should the state proceed to enforce the judgment by forfeiting the recognizance, the course to be pursued is also distinctly laid down by the statute. The defendant must be called at the court-house door, and, upon failure to appear, judgment is entered against him and his sureties for the amount of money in which they are respectively bound, and a citation issues to the sureties, requiring them to appear at the next term of the court and show cause why the same should not be made final. (Code Crim. Pro., Arts. 408, 409,) [Paschal's Dig., Arts. 2880, 2881, Note 727.] This citation must be served as in civil cases, and, if the sureties do not appear and show cause to the contrary, judgment final by default may be rendered against them at any time after the expiration of the time allowed for answering in a civil suit. (Code Crim. Pro., Art. 412.) If they do answer, but upon the trial no sufficient cause is shown for the failure of the defendant to appear, the judgment shall be made final against him and his sureties for the amount in which they are respectively bound. (Code Crim. Pro., Art. 417,) [Paschal's Dig., Arts. 2883, 2888, Note 729.]

It is evident that these requirements of the statute were not pursued in this case in one single particular. On the contrary, the clerk issued an execution against the sureties so soon as the mandate was filed in his office, allowing them no opportunity to produce the defendant in court, or show cause why he did not appear. For this reason, if no other could be given, the execution should have been quashed, and such was the judgment of the court below upon that question, and in this there was no error. But the judgment went further, and decreed that the state should recover of the sureties the fine and costs which had

been previously adjudged against their principal. This was in effect rendering a judgment against them for a different amount from that which they were bound to pay upon default of their principal, and rendering it, too, without any attempt having been made to pursue the course pointed out by the statute, as stated above. But it is said that the parties were before the court by their motion, and the whole facts were made apparent to the judge, and that he had authority to adjust the equities of the case, and render such judgment as the evidence authorized.

While it would be difficult to establish this as a correct rule in cases like the present, we may admit it for the purposes of this suit, and yet the judgment in this respect cannot be sustained. Without entering into a discussion as to the validity of a judgment rendered upon appeal against a party after his death, the judgment below is erroneous upon another ground. The recognizance entered into by McElroy and his sureties, upon taking the appeal, was conditioned for his appearance at the district court then in session, and from term to term, to abide the decision of the Supreme Court. The sureties did not bind themselves to pay the fine and costs, or any other amount, upon an affirmance of the judgment merely; but their obligation was to pay a certain specified sum in case the defendant did not appear at the time and place stated in the recognizance, to abide the decision of the Supreme Court. Had the recognizance been regularly forfeited in the manner prescribed by statute, and *scire facias* served upon the sureties to show cause why the judgment should not be made final, they would have been released from all responsibility upon establishing the fact that their principal had died before the day when the forfeiture was entered. (Code of Crim. Pro., Art. 413,) [Paschal's Dig., Art. 2884, Note 730.] If this proceeding be proper, they were certainly entitled to make the same defense, and have the same judgment rendered in it, as when the course prescribed by

statute for fixing their liability had been pursued. They alleged in their petition, and proved on the trial, that their principal, McElroy, had died long previous to the day when he should have appeared in court, according to the terms of his recognizance, to abide the judgment of the Supreme Court. The judgment of the court below, therefore, should have released them from liability on the recognizance, and was erroneous in adjudging the fine and costs against them. Because of this error, the judgment will be reversed, and the court here proceeding to render such judgment as should have been rendered below, it is ordered that the executions issued against plaintiffs in error be quashed and returned into court, and that the said plaintiffs be released and discharged from all liability upon their said recognizance, and that this decision be certified below for observance.

ORDERED ACCORDINGLY.