THE STATE v. HUNTER *et al.*

1. Criminal law: JOINT INDICTMENT: JUDGMENT: COSTS. While defendants jointly indicted may, in the discretion of the court, be tried jointly or separately, a separate judgment must be entered against each, though jointly tried.

2. —— And in such case the clerk is entitled to the fee fixed by law for the entry and for the satisfaction of each judgment, but to only one trial or docket fee.

3. —— The district attorney would be entitled to a conviction fee of five dollars against each defendant in such case.

*Appeal from Marion District Court.*

THURSDAY, FEBRUARY 22.

THE defendants, James H. Hunter, W. L. Walters, John Cawley, J. R. Roberts and E. H. Booth, were indicted jointly under the statute for the suppression of intemperance, and by agreement the court heard the evidence, and decided-that they were each guilty, whereupon defendants each pleaded guilty, upon which plea the court adjudged that Walters should pay a fine of $10, Hunter a fine of $60, Cawley a fine of $25, Roberts a fine of $25, and

Booth a fine of $10, and that they pay the costs of the prosecution.

The clerk, in recording the proceedings, entitled the cause, and after recording the preliminary steps taken therein, entered up a separate judgment against each of the defendants for the penalty imposed by the court upon them respectively and costs; and in taxing the costs the clerk taxed full costs against each defendant, as upon separate trials. On a motion to retax costs, interposed by the defendants, the court ordered that the judgment be entered against them jointly, that but one docket fee be taxed, that but one fee for warrant, but one fee for serving warrant by sheriff, but one fee for trial, but one fee for judgment, but one fee for taxing costs, one fee for satisfaction, and but one fee for the district attorney be taxed, to which order the State excepted and appeals.

*Henry O'Conner*, attorney-general, for the State.

No appearance for the appellee.

MILLER, J. — The record does not present us with a copy of the indictment, but it is stated in argument that the defendants were jointly indicted under the statute for the suppression of intemperance. Section 4789 of the Revision provides, that in all misdemeanors "defendants jointly indicted may be tried separately or jointly in the discretion of the court; but there is no statutory provision, to which our attention has been called, authorizing a joint judgment. Indeed, in the very nature of the case the judgments would necessarily be separate against each person convicted. The person committing an offense against the State must himself be amenable to the law, another person connot be substituted for him or be made to suffer for his violation, and although two or more persons may together commit an offense, each is punishable for his own crime and not for

that of the other. The infliction of the penalty upon one of two jointly tried and convicted will not satisfy the judgment in respect to the other, as will a satisfaction by one of 'two joint judgment debtors in a civil action operate as a full satisfaction of the judgment as to both.

Again, under section 1562 of the Revision (the law under which the defendants were indicted), a defendant may be indicted for any number of violations of the law in the same indictment, each violation being stated in a separate count; but a *separate judgment must* be entered on each count on which the defendant is convicted. It would seem, therefore, that if where the same defendant is convicted of several offenses of the same kind on the same indictment separate judgments must be entered, *a fortiori* separate judgments should be entered when there are several defendants convicted in the same trial of like offenses committed by each. It follows, therefore, that the count erred in ordering a joint judgment against all the defendants, and that one fee for judgment only should be taxed. The clerk is entitled to the fee fixed by law for each judgment entered.

The order of the court directing but one docket fee to be taxed was correct. The cause was docketed as a single case, and unless there had been separate trials there would exist no necessity for docketing otherwise. So, also, in respect to the trial fee, but one such fee was properly taxable, as there was but a single trial, or rather the defendants were tried together in one trial.

With regard to the warrant, the record does not show whether the defendants were all arrested and held to bail on the same warrant or whether separate warrants were issued for the arrest of each. We are inclined to the opinion that where several persons are jointly indicted it would be lawful to issue a joint warrant for the arrest of all, or separate warrants for each. And we can conceive of good reasons why the latter course should in many

cases be adopted. It would be a proper precaution to prevent those jointly indicted from obtaining information of the fact and escaping before they could be arrested, which they might do if one warrant was issued for the arrest of all, inasmuch as the officer would not be able to arrest all at once.

If but one warrant was in fact issued but one fee therefor should be taxed, but if there were several warrants issued the clerk is entitled to costs for each writ.

The same rule will apply to the sheriff's fees for serving the writ or writs, except that if the defendants were all arrested on the same warrant he is entitled to fifty cents for the first arrest and twenty-five cents for each additional arrest on the same warrant. Rev., § 4145.

For taking and approving each bond the clerk is allowed to tax a separate fee. The order of the court as appears in the abstract did not direct any re-taxation in respect to the fees taxed for bonds taken.

We are also of opinion that a satisfaction fee was properly taxed against each defendant as it is an incident of each judgment. For, if satisfied at all, each judgment must be separately satisfied; some of them may be satisfied at one time and others at another time. But as there was but one trial — one case — but one fee for taxing the costs in the case is allowable.

Chapter 38 of the Laws of 1864, which changed the law, in regard to the compensation and fees of district attorneys, as it existed under sections 381, 382 of the Revision, and chapter 19 of the acts of the extra session of the ninth general assembly, and now, the statute, allows to that officer "for each conviction on plea of guilty $5," which "shall be taxed against the defendant" and collected by the clerk, etc.

The judgments being required to be several on the several pleas of the defendants this fee is properly taxable in each judgment. The judgments are the several convic-

tions on the pleas of guilty entered, and the fee should be taxed as a part of each judgment.

The order of the district court will be reversed, 'with instructions to direct the costs to be taxed in accordance with this opinion.

Reversed.