## TILLMAN WEAVER ET AL. v. THE STATE.

LIABILITY OF SURETIES IN A RECOGNIZANCE ON APPEAL IN A MIS-
DEMEANOR.—Sureties on the recognizance are responsible for the
appearance of the accused in the District Court, after a reversal of
the judgment from which the appeal was taken in which appeal the
recognizance was given.

ERROR from Lampasas. Tried below before the Hon.
E. B. Turner.

This is an appeal by Tillman Weaver and S. H. Grizzell,
sureties of W. L. Shroyer, on his recognizance on an appeal
from the District Court of Lampasas county from a judg-
ment of conviction of aggravated assault. On appeal the
judgment had been reversed and the cause remanded.
After the mandate had been filed, the case being called, a
forfeiture of the recognizance was taken and judgment
*nisi* rendered against Shroyer and his sureties, Weaver and
Grizzell.

*Scire facias* issued to the sureties, who were served, and
they answered showing cause, "that at the time they (Wea-
ver and Grizzell) entered into said recognizance as sureties
of W. L. Shroyer it was for the purpose of enabling him
to take his said cause to the Supreme Court of the State of
Texas by appeal; that said cause was carried to the Su-
preme Court, and there the judgment of the District Court
of Lampasas county in cause No. 173 (in which the appeal
was taken) was reversed and remanded and a new trial
granted to the said Shroyer, and that the defendants, (Wea-
ver and Grizzell,) as sureties of said Shroyer on said recog-
nizance, were thereby discharged of all liability, by reason
of their being sureties as aforesaid; and that said cause
stood as it had before the trial of the said cause; and that
if the State of Texas has recourse against any one by reason
of said Shroyer failing to appear at the September Term,
1874, (when the judgment *nisi* was rendered,) of this hon-

orable court, it is against the sureties in the bail bond of the said Shroyer for his appearance at the said term, and not against the defendants, his sureties on said recognizance.

"These defendants (Weaver and Grizzell) aver and show that the said Shroyer has, and had at the time this forfeiture was taken, a good and sufficient bail bond for his appearance at the September Term of this court, 1874, (when the judgment *nisi* was rendered,) and that the same is in force, and the said Shroyer and his sureties thereon are yet bound and obliged by it, and the same is on file among the papers in this cause, and is referred to as part of this answer." The record showed a bail bond by Shroyer and sureties conditioned for his appearance in the District Court, and bearing date prior to the judgment from which the appeal was taken, in which appeal the recognizance was given.

The district attorney demurred to the answer, and the court rendered judgment final against Shroyer as principal and Weaver and Grizzell as sureties.

From this judgment the sureties appealed.

*C. C. McGinnis,* for plaintiffs in error.

*Martin White,* also for plaintiffs in error.

Plaintiffs in error insist that their answer set up a good defense. The only question presented is, who are liable, the plaintiffs in *error,* who were sureties on Shroyer's recognizance, or the sureties on Shroyer's *bail bond?*

The court below forfeited the recognizance instead of the *bail bond.* The Supreme Court in the appeal of the case of the State *v.* Shroyer, held that there was no legal jury, consequently there could have been no legal trial in the case. The whole proceeding then in the District Court was a nullity. It neither bound any one nor released any one. Shroyer stood as he did before the case was called

in the District Court at the January term of 1874. He had never answered the indictment. He could not have plead this pretended trial in bar to another trial for the same offense. Shroyer and his sureties on the bond were as much bound as before the pretended trial in the District Court. Nor did the appeal to the Supreme Court discharge the sureties on the *bail bond.* The Supreme Court held in effect that Shroyer never answered. " The effect of an appeal to the Supreme Court is to suspend and arrest all further proceedings till the judgment of the Supreme Court has been received in the District Court." (Paschal's Dig., art. 3191.)

There is a distinction between a mis-trial and the *legal* causes for a new trial. All proceedings in a mis-trial tending to enforce the pretended verdict are void, whilst the verdict of a legal jury may be set aside for *error,* and a new trial awarded. Shroyer never having been tried was not released from his *bail bond,* nor were his sureties.

Had the District Court awarded a new trial Shroyer would have been released on his *bail bond.* His *bailors* would have been his keepers, and until they had surrendered him he could not have been taken into custody.

If the new trial had been granted by the Supreme Court the cause would have stood the same. (Paschal's Dig., art. 3216.) We think the court erred in making the judgment *nisi* final against the plaintiffs in form and amount. (Paschal's Dig., art. 2888. Can it be insisted that both sets of sureties, *i. e.,* on the bail and recognizance, are bound? If so, would not this be excessive bail and in violation of the Constitution of the State? If only one, is it not the sureties on the bail and not on the recognizance?

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The only question presented in this case is, whether the recognizance which the law re-

quires of the defendant in a bailable criminal case in all
appeals, binds his sureties for his appearance before the
District Court in cases where the action of the Supreme
Court has been to reverse the case and remand it for
another trial. The condition, as prescribed by law, is " to
appear before the District Court of the county of ———,
on the —— Monday of ——— next, there to remain from
day to day, and term to term, and not depart without leave
of said District Court, in order to abide the judgment of
the Supreme Court of the State of Texas." (Paschal's
Dig., art. 6599.) It is argued that the Code of Crim-
inal Procedure makes the effect of a judgment in this court
remanding a case to be again tried, to be, that the case is
placed in the same position in which it was before any
trial. (Paschal's Dig., arts. 3139 and 3216.) Before trial,
and after the granting of a new trial by the District Court,
the defendant's appearance is secured by his original bail
bond. (Paschal's Dig., art. 2735.) The proposition con-
tended for is, that the effect of a judgment in this court
reversing a conviction and sending the case back for another
trial, is to revive at once the liability of the sureties on the
bail bond and release the sureties on the recognizance for
appeal.

It is sufficient to say, that by the terms of the recogni-
zance the sureties are bound for the appellants' appear-
ance at the District Court to abide the judgment of this
court. In the case we are considering, that judgment is
not that the defendant be discharged, but that the case be
reversed in order that it may be tried again. Until de-
fendant has made his appearance and has obtained the
leave of the court to depart the condition of the recogni-
zance is not complied with. The form of recognizance
prescribed is for all appeals, whether by the State or de-
fendant. Previous to the enactment of the statute pre-
scribing this form, the law required the defendant, when
the appeal was by the State, to enter into recognizance

with sureties "to appear before the District Court to answer the criminal accusation against him in case the judgment of the District Court be reversed." (Paschal's Dig., art. 3187.) The form now prescribed is believed to be sufficient to secure the appearance of the appellant at the proper term of court to answer the accusation against him if the effect of the judgment of this court be to remand the case for a new trial.

The judgment is affirmed.

Affirmed.