## J. S. HOGG ET AL. v. THE STATE.

Motion No. 316. Decided December 21, 1898.

**1. Costs in Court of Criminal Appeals Against Joint Defendants—Fees of Attorney-General and Clerk.**

Where joint defendants appeal, the case as to each is treated on appeal as a separate and distinct case, and the costs, including the Attorney-General's and clerk's fees, pertain to each case separately under provisions of article 1119, Code of Criminal Procedure; in every case of affirmance of a misdemeanor the Attorney-General's fee is $10; and under article 1120 the fee of the clerk of the Court of Criminal Appeals is $10 in every case where the judgment is affirmed; and the general rule as to joint appellants is, that where the same kind of service is rendered severally for each and a separate judgment is rendered against each, a separate fee can be assessed for each.

**2. Same—Motion to Retax Costs.**

On the joint appeal of three appellants in a misdemeanor case when the judgment was affirmed, $30 was taxed as the fee of the Attorney-General and $30 as the fee of the clerk. Held, on motion to retax the costs, that said fees were properly taxed and the motion was overruled.

APPEAL from Cherokee County.

Motion was filed to retax the costs in the Court of Criminal Appeals, as follows:

"No. 1556. Jas. S. Hogg et al. v. The State of Texas.—And now come the appellants and show to the court that the following costs have been taxed against them in said case, $30 for the clerk and $30 for the Attorney-General, when there ought not to have been but $10 taxed against them for the clerk and $10 for the Attorney-General. There are three appellants in the case, and they were all tried together in the court below, and no severance had in said trial. Appellant have paid all said costs taxed, part of it under execution, and they pray upon a hearing of this motion that said costs be retaxed and the clerk be required to refund to them the excessive costs taxed, to wit, $40, and for general relief, as they will ever pray, etc.

"INGRAHAM, RATCLIFF & HUSTON,

"Attorneys for Appellants."

DAVIDSON, JUDGE.—This case was affirmed at a former term of this court, and a motion is now made to retax the costs. James I. Perkins, James P. Gibson, and J. S. Hogg were jointly indicted in the court below for unlawfully killing a wild deer out of season. They were jointly tried, convicted, and a fine assessed against each of $25; and each of said appellants prosecuted an appeal to this court.

The clerk, in making out the costs, taxed a fee of $10 against each of said defendants in favor of the Attorney-General, and a fee of $10 against each of said defendants in favor of the clerk. Appellants contend that this was but one case on appeal, and the clerk was only authorized to tax $10 in favor of the Attorney-General and $10 in favor of the clerk, and ask that the clerk be ordered to retax the costs, and to refund

to appellants the excess of $40. Article 1119, Code of Criminal Procedure, reads, "The Attorney-General shall, in every conviction of offenses against the penal laws in cases of misdemeanors, when the judgment of the court below is affirmed by the Court of Criminal Appeals, or the appeal is dismissed by said court, receive the sum of ten dollars." Article 1120 provides, "The clerk of the Court of Criminal Appeals in every case where the judgment is affirmed shall receive the sum of ten dollars," etc. The parties were tried together in the court below, and, while judgment may be entered in one entry, there is, in effect, a separate judgment against each for the fine. Code Crim. Proc., arts. 844-846. One or all the parties so convicted can prosecute an appeal, but in case of appeal, where a recognizance is given, each gives a separate one. Id., arts. 886, 887 (the last article as amended by Acts 25th Leg., p. 5). When such cases come to this court, each is treated as a separate case, no matter how many may appeal from the original judgment. Articles 904, 905, Code Crim. Proc. We may affirm as to one, and reverse as to another. Id. A separate mandate is awarded in each case. After awarding the mandate, no action can be taken in the court below, except to forfeit the recognizance of the defendant, or to issue a capias for him, or an execution against his property, to enforce the judgment of the court. Id., art. 910. From these articles it would seem to follow that the cases against defendants, although tried together in the court below, are treated in the Court of Criminal Appeals as separate and distinct cases, and the costs, including the Attorney-General's and clerk's fees, pertain to each case. If any other rule were followed, it would involve the parceling out or prorating the fee of $10 among various appellants whose cases may be affirmed. We know of no authority to do this. The analogy claimed with reference to costs in prosecutions in the court below, where all the parties are tried together, does not hold good in this court, because that matter in the court below is controlled by statute. Id., art. 1124. The practice, prior to the passage of said statute, allowing but one fee to be charged against all where they were tried together, had formerly been otherwise, and evidently it was found necessary to pass this statute regulating the fee of the district attorney in such case. There is no statute thus regulating the fees of the Attorney-General or clerk in this court. Although the defendants may have been jointly prosecuted in the court below, when they prosecute an appeal to this court each case becomes, and is treated as, a distinct case, the general rule in such case being, where the same kind of service is rendered severally for each defendant, and a separate judgment is rendered against each, a separate fee can be assessed for each. 8 Enc. Pl. and Prac., 980, citing State v. Hunter, 33 Iowa, 361. The motion to retax costs is accordingly overruled.

*Motion overruled.*