Warner Prater et al. v. The State.

No. 3892.     Decided June 10, 1908.

**Motion to Retax Cost—Fees.**

Where upon a motion to retax cost in the Court of Criminal Appeals, it appeared that in addition to the sum allowed the clerk, a fee of $10 was allowed to the attorney-general (it being a misdemeanor case) as well as all cost for issuing writ of execution and return thereof; which were adjudged

against the sureties on appellant's recognizance, there was no error. Following Arbuthnot v. State, 38 Texas Crim. Rep., 508.

From Liberty County.

Motion to retax cost in the Court of Criminal Appeals, incurred in a misdemeanor case and entered against the sureties on appellant's recognizance.

The opinion states the case.

*Stevens & Pickett,* for appellant.—1. Because there has been charged against the said sureties of appellant the costs incurred in this cause on appeal for which there is no warrant in law.

2. Because it is sought to charge appellant and his said sureties with items of costs in favor of the clerk of the Tyler division of this court, over and above the sum of $10 which the clerk is allowed by law against an appellant.

3. Because it is sought to charge this appellant and his said sureties with a fee of $10 in favor of the attorney-general.

4. Because the recognizance entered into by the sureties in no manner binds them for any item of costs which might be incurred in the appellate court, but simply and only binds them to be responsible for the appearance of appellant to abide the judgment of the Court of Criminal Appeals. And this obligation they have performed, as is shown by certified copy of order of the County Court of Liberty County, Texas, hereto attached.

As we have argued, no express provision of law allows the clerks of this court any fee for issuing an execution or recording the return thereon, as was perhaps permitted by law when the Bonn case was decided; and therefore, beyond question, those items in the case at bar should be stricken from the bill of costs. The other articles in our Criminal Procedure, referring to the costs chargeable against a defendant, are articles 1119 to 1122, inclusive. Article 1119 fixes the fee of the attorney-general at $10; article 1120 fixes the clerk's fee at the same amount, and article 1121 provides that "the fees named in the two preceding articles shall be taxed against the defendant and collected as other costs in the case." Then article 1122 provides that "all fees due the clerk" shall be adjudged against the defendant and his sureties on the recognizance. But as before stated, article 887, which prescribes the form of a recognizance, does not bind the sureties to pay *any* costs, the condition being merely that the defendant will appear before the trial court to abide the judgment of the appellate court. But if by virtue of article 1122, the sureties are liable for the fees due the clerk (although that holding makes the bond more onerous than required by the terms of the statute), still we should not go further and say that the fee of the attorney-general can be collected of the sureties, for as to this fee it is not provided that it shall be assessed against the sureties. Articles 1119 to 1121 were enacted in 1876, while article 1122

Vol. 54 Crim.—2.

became a law subsequent to that date. So the Legislature, on making this additional provision in reference to the fee of the clerk, surely only intended to have it apply to the clerk's fee. Article 1121 provides that the costs of the clerk and the attorney-general "shall be taxed *against the defendant,* and collected as other costs in the case." Other costs are collected by issuing an execution against the *property of the defendant,* and collected as other costs in the case." (See articles 845 and 853, Code Criminal Procedure.)

RAMSEY, JUDGE.—This was a motion to retax cost. In addition to the sum of $10 allowed the clerk, there was taxed the sum of $10, fee allowed the attorney-general in misdemeanor cases, as well as costs for issuing writ of execution and return thereon.

The motion questions the legality of these items and the authority of this court to adjudge these sums against the sureties on appellant's recognizance. In the case of Arbuthnot v. State, 38 Texas Crim. Rep., 509, it was held that these fees are legitimate items of costs taxable against appellant and his sureties, where the judgment has been affirmed. The authorities cited by appellant, Conner v. State, 30 Texas, 94, and Weaver v. State, 43 Texas, 386, were cited in that case, and all of the various articles of our Code of Criminal Procedure were fully considered and discussed by the opinion in that suit. This case has been repeatedly followed in an unbroken line of decisions since then. Benson v. State, 39 Texas Crim Rep., 56; Hogg v. State, 40 Texas Crim. Rep., 109; 48 S. W. Rep., 580. See also Bonn v. State, 12 Texas Crim. App., 100. So that, as we believe, the matter should be considered and treated as closed and settled in this State. On the authority of these cases, the motion to retax costs is overruled and the costs of said motion here taxed against appellant and his sureties.

*Overruled.*