H. A. A. EDMOND, Plaintiff, v. E. C. GRETTEN, Sheriff,. Defendant.

CRIMINAL LAW: Judgment—Joint Judgment. A judgment "that the defendants, H. E. and B. E. each pay a fine in the sum of $300 and costs and in default of payment of the said fine and costs that the defendants, and each of them, be committed . . . until said fine and costs are paid, but not to exceed 90 days," does not provide a joint penalty—does not provide that, unless *each* pays the fine assessed against him, *both* must suffer the penalty of imprisonment.

*Original Application in Habeas Corpus.*

TUESDAY, MARCH 14, 1916.

THIS is an original application presented by the petitioner to the Hon. Silas M. Weaver, a judge of this court, and by him referred to the court.—*Writ denied.*

*Sol. L. Long* and *R.* and *F. G. Ryan,* for plaintiff.

*Fred E. Hansen,* County Attorney, *George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for defendant.

SALINGER, J.—Petitioner claims that he is threatened with imprisonment, which he asserts is unlawful because the judgment of conviction is one entered jointly against him and a codefendant with whom petitioner was jointly

CRIMINAL LAW: judgment: joint judgment.

tried, and is, therefore, void. As there is no dispute that no joint judgment of conviction is permissible (*State v. McAninch,* 172 Iowa 96; *State v. Hunter,* 33 Iowa 361), as it cannot be disputed that an attempt to enforce a judgment of conviction which is without jurisdiction may be reviewed on habeas corpus, and

as there is no occasion to decide whether such joint judgment is beyond the jurisdiction unless it be the fact that a joint judgment was entered, it would seem that the inquiry narrows to the single question whether the judgment entered in this case is joint. Petitioner has done little beyond demonstrating what we have conceded. On the vital point, we are favored with no citation of authority, and the entire argument for the petitioner consists of somewhat strained reasoning why the judgment entered should be interpreted to be a joint judgment.

The judgment is "that the defendants H. A. A. Edmond and Bertha Edmond each pay a fine in the sum of $300 and the costs of prosecution, and in default of payment of the said fine and costs that the defendants, and each of them, be committed . . . until said fine and costs are paid, but not to exceed ninety days." It is conceded that "the fines are assessed separately against Bertha Edmond and plaintiff," and the exact complaint is that "the penalty is joint, and unless each pays the fine assessed against him or her, both must suffer the penalty of imprisonment." Starting, then, with the premise that each defendant was fined as an individual, it would seem to follow that the further order that, on default of payment of "said fine," each be committed "until said fine is paid," refers to the fine which it is conceded was imposed, a fine upon each as an individual, and that it creates an individual penalty for failing to pay an individual fine. To hold that both are to be detained until each of the two fines is paid, is to disregard that the detention is to be until "said fine" is paid; that "said fine" has a clear antecedent to refer to, to wit, the only fine that was imposed—a separate fine—and that it would be utterly unreasonable and strained to disregard the express reference to the only fine imposed and to substitute therefor one that never was assessed. No torturing of English can avoid the deduction that, where a writing fines two, separately, and the same writing specifies a penalty in aid of collecting of "said fine," the separate fine declared in the

writing, and none other, is referred to. To hold that the liberation of each depends upon the payment of the fine imposed upon the other is to construe into the judgment of conviction a requirement that one must pay a fine which, as it was imposed upon another, is not one imposed on him. That the judgment was not intended to be joint is fortified by the fact that the fine assessed upon each just equals the amount of time for which one may be incarcerated on account of the failure to pay a $300 fine. On the reasoning of plaintiff, the judgment orders a release after 90 days for failure to pay fines aggregating $600. If the penalty is just joint, the time should have been fixed at just twice 90 days. On this reasoning, it would require the payment of $600 to release both defendants; but if nothing is paid, both must be released when they have been detained for the number of days that govern as to a $300 fine.

Had the judgment ordered, in terms, that H. A. A. Edmond be committed until the fine of $300 imposed on him, and costs, were paid, and then made the same order as to Bertha Edmond, this application would probably not have been made. The essence of it seems to be a claim that, where needless repetitions are avoided, language which is susceptible to reasonable interpretation without such repetitions shall be construed into working a manifest absurdity and injustice.

While the sentence against each must be separate, it does not follow that two distinct judgments must be written up. It is immaterial that the sentences appear in the same judgment, if they are separately passed upon each of the prisoners. *State v. Hollenscheit,* 61 Mo. 302, 303.

In our opinion, the petitioner should be remanded to the custody of the defendant in order that the warrant of commitment now in his hands may be executed in conformity to its terms, and it is so ordered.

*Writ denied* and *petition dismissed.*

EVANS, C. J., LADD and GAYNOR, JJ., concur.