STATE OF TENNESSEE, EX REL., COMPLAINANT, APPELLANT,
*v.* J. L. GANN, ET AL., DEFENDANTS, APPELLEES.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

602

R. M. Atkinson, R. L. Sadler, and Theo. Parker, for complainant, appellant.

Newman Brandon, Jr., for defendants, appellees.

Mr. Justice Cook delivered the opinion of the Court.

John A. Fields was bound over to await action by the grand jury upon the charge of failure to provide for his children contrary to the provisions of chapter 120, Acts of 1915. A bail bond in the penalty of $1,000 was executed by J. L. and A. W. Gann. The bill was filed to recover the penalty of the bond upon allegations of forfeiture and the refusal of bail to deliver Fields to the custody of the court or pay the penalty of the bond.

The defendants demurred to the bill, among other grounds because the statute prescribes the remedy upon forfeited bonds and recognizances. The appeal is from the decree of the chancellor sustaining the demurrer.

The statutes, embodied in sections 7141 to 7147 of Shannon's Code, sections 11688 to 11696 of the Code of 1932, prescribe the mode of procedure upon forfeiture of bail. While the precise question has not been determined in this State, it is apparent from a consideration of the statutes that the statutory procedure is exclusive, for in due sequence they provide (1) for judgment *nisi;* (2) *scire facias,* a proceeding incidental to the original case (*State* v. *Sibley,* 4 Lea, 738), and (3) exoneration of bail.

The bail may be exonerated by delivery of the prisoner, upon answer to the *scire facias* or after final judgment upon petition to the court pursuant to section 7146, Shannon's Code, section 11695, Code of 1932.

In the enforcement of forfeiture and for the exoneration of bail, the statute makes no distinction between a recognizance and a bail bond. Both are designed to compel appearance of the prisoner and both are enforceable through the statutory remedy. It would be anomalous to hold that the recognizance, which is but the obligation of bail entered of record, should be enforced by the statutory procedure and that the bail bond filed with the court but not entered of record might be enforced by a separate action as a common-law obligation. We note that it is intimated in *Brewer* v. *State,* 6 Lea, 198, that the distinction between bonds and recognizances was abolished by statute. Since these statutes clothe the judge of the court to which a party is held by bail with a discretion in the exoneration of bail which could not be exercised by another court assuming jurisdiction in a separate action to enforce the bond as a common-law obligation, we conclude that the statutory remedy is exclusive and, as held in *Connor* v. *State,* 30 Texas, 94, that the mode of procedure prescribed by the statute must be followed.

*State* v. *Gassaway,* 11 Humph., 203, holding that an action of debt would lie upon an appearance bond to the county court, rested upon the conclusion that the county court had no jurisdiction to enter judgment upon a forfeited bail bond executed to compel the appearance of the person charged with bastardy. The court said:

"As the remedy for the State, we do not see in the statute defining the jurisdiction of the county court, that it has any remedial power to enforce the payment of these recognizances, though legally and properly taken before it. . . . Certainly the ordinary remedy is by judgment *nisi* and *scire facias,* to show cause why the

contingent and conditional liability should not be made absolute. This is an action to which defence may be made, and in which a jury may be required, and, therefore, it is not within the jurisdiction of the county court. The circuit court has general jurisdiction, and the action of debt will lie upon a record; it seems to us, therefore, and because a right should not be without remedy, that debt will lie upon these recognizances, averring in the declaration that defendants had failed to comply with their condition."

The foregoing statement of the court was not necessary to a decision, and the conclusion of law reached was not determinative, for the judgment of the circuit court was affirmed upon the ground that the injured woman could not maintain an action to recover upon the bond.

*State* v. *Gassaway* was decided at the December Term, 1850. Evidently there was dissatisfaction with the decision, for on February 21, 1852, the legislature passed an Act conferring jurisdiction on the county court to enforce bonds and forfeitures made to that court. This statute, c. 187, Acts of 1851-2, was carried into section 7341 of Shannon's Code, and is preserved by section 11945 of the Code of 1932. By this Act the legislature prescribed the same remedy for the enforcement of forfeited bail in the county court as in the circuit and criminal courts of the State with the right to appeal to the circuit court where questions of fact might be tried by a jury. The Act of 1851-2, apparently designed to correct the decision in the case of *State* v. *Gassaway* and the provisions of the several sections of the Code prescribing the remedy upon forfeited bonds and recognizances, clearly indicate the legislative purpose to exclude the common-law remedy.

Affirmed.