STATE of Tennessee, Appellee,

v.

Michael A. TAYLOR, Defendant.

NASHVILLE BONDING COMPANY, INC., Appellant,

v.

Michael A. TAYLOR, Terrie L. Neeley and Michael R. Neeley, Appellees.

Court of Criminal Appeals of Tennessee, at Nashville.

June 7, 1984.

Moseley & Moseley, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Richard Fisher, Asst. Dist. Atty. Gen., Nashville, for appellees.

## OPINION

DUNCAN, Judge.

The defendant-appellee, Michael A. Taylor, was indicted on November 24, 1982, for the offense of removing from the State property that was subject to a security interest. On January 25, 1983, defendant Taylor entered into an appearance bail bond agreement, the bond being in the amount of five hundred dollars ($500.00), with himself as principal and the appellant herein, Nashville Bonding Company, Inc., as surety. On the same date, Terrie L. Neeley and Michael R. Neeley, appellees herein, signed an agreement of indemnity on the bond, agreeing to indemnify and save harmless the surety bonding company from any loss suffered as a result of the bonding company's execution of the appearance bond. The indemnity agreement was also signed by defendant Taylor, as "principal Defendant."

As a result of defendant Taylor's failure to comply with the conditions of his appearance bond, the trial court on June 28, 1983, entered a conditional forfeiture against defendant Taylor and the bonding company. The order of forfeiture stated that it would become final on December 28, 1983, "unless otherwise ordered" by the court. On July 15, 1983, the bonding company filed a motion for judgment against defendant Taylor, and the Neeleys as indemnitors, requesting the court to award judgment in favor of the bonding company in the amount of five hundred dollars ($500.00) plus interest, costs and attorney fees. The trial court overruled this motion on September 2, 1983, and the appellant bonding company has appealed this ruling by the trial court.

The appellant bonding company argues that it was entitled to judgment against defendant Taylor and the Neeleys, by virtue of the indemnity agreement signed by them. The bonding company relies on certain sections of the Code, including T.C.A. §§ 25–3–122, –127, –129, –130.

T.C.A. § 25–3–122 provides:

*Motion by surety.*—Sureties are entitled to judgment by motion against their principals:

    (1) Whenever judgment has been rendered against them as such sureties;

    (2) Whenever such judgment, or any part thereof, has been paid by the surety.

T.C.A. § 25–3–127 provides:

*Motion against cosurety.*—A cosurety or comaker against whom judgment has been rendered for the whole debt, or who has paid the same or more than his ratable share of said judgment, may have judgment on motion, against all of the other parties to the instrument liable to him, whether included in the original judgment or not, for the ratable share of each.

T.C.A. § 25–3–129 provides:

*Jurisdiction of motions.*—(a) Motions under §§ 25–3–122—25–3–134 may be made in any court, having cognizance of the amount.

(b) They may also, in all cases, be made in the court by which the judgment was rendered against such surety, stayor, or accommodation endorser.

T.C.A. § 25–3–130 provides:

*Jurisdiction of special courts.*—The special criminal and other courts shall have the power to render judgments by motion in favor of sureties, as against principals, or in favor of cosureties, as against each other, upon any judgment rendered in said courts, upon the same terms and conditions as regards notice to the party sought to be made liable, that the circuit courts have.

Neither the defendant Taylor nor the Neeleys have filed a brief in this case. The State, in its brief, points out its limited interest in the issues presented, stating that it chooses not to address the question of the correctness or incorrectness of utilizing the statutes set forth above as a means of enforcing an indemnity agreement executed as a collateral matter to a criminal bail bond. However, the State takes the position that in any event the appellant bonding company should not be entitled to a judgment of indemnification until the bonding company has had final judgment entered against it.

■ At any rate, and assuming *arguendo* that the foregoing statutes would authorize the granting of a bonding company's motion to obtain judgment on an indemnity agreement concerning a bail bond, we agree that such a motion could only be granted after the entry of a final judgment of forfeiture fixing the exact liability of the bonding company on the bail bond. The use of the term "judgment" in the statutes set forth above contemplates a final judgment and not a conditional judgment.

■ In the present case the only order outstanding against the appellant bonding company, at the time it sought indemnification by motion, was an order of conditional forfeiture. A final judgment fixing the exact liability of the bonding company in favor of the State could not be entered until the expiration of one hundred eighty (180) days from the entry of the conditional forfeiture. T.C.A. § 40–11–139. Further, we note that a trial court is empowered to completely exonerate a bonding company or other surety on a bail bond from liability under certain circumstances, and can "lessen or absolutely remit" the amount of the bond. T.C.A. §§ 40–11–203, –204.

In our view, a bonding company or other surety on a bail bond, should not be entitled to indemnification from the indemnitor(s) pursuant to an indemnity agreement relating to such bond, until some fixed amount has been set for which such surety would be liable to pay, and this event cannot occur until a final judgment of forfeiture has been entered. It would be totally unjust to allow a bonding company, or other surety on a bail bond to have judgment against the indemnitor(s) for the face amount of a bail bond when the surety might ultimately be exonerated from any or part of the bond obligation. If such were permitted, then such surety could well be placed in a position of being able to obtain payment from the indemnitor(s), and then later being relieved, in whole or in part, of the bond obligation. In this event, the surety would be unjustly enriched by having received indemnification for funds which the surety had not had to pay, to the detriment of the indemnitor(s). We find nothing in the law that would allow such an improper result.

■ Thus, as stated, we hold that the statutes relied on by the appellant require that a final judgment of forfeiture must have been entered fixing the exact liability of the surety on a bail bond before such surety would be entitled to a judgment of indemnification. Therefore, since there was only a conditional judgment of forfeiture in the present case, we find that the appellant's motion seeking a judgment for indemnification was properly overruled by the trial court.

We note that in conjunction with our review of this case, we have read the affidavit of D. Craig Guthrie submitted by appellant in support of its motion requesting us to consider certain post-judgment facts. In view of the ruling we make in this case, the facts recited therein are of no significance.

The judgment of the trial court is affirmed.

CORNELIUS, J., and ROBERT L. JONES, Special Judge, concur.